J. A. WILLOUGHBY, *Receiver of the Capitol National Bank, and* THE CAPITOL NATIONAL BANK, *a corporation,* v. J. WEINBERGER.

(Filed January 11, 1905.)

NATIONAL BANK—Depositor Entitled To Preference, When. J Weinberger deposited $80.00 in cash in the Capitol National Bank of Guthrie at 11:50 A. M., on April 4th, 1904. At the time the deposit was made the bank was insolvent and it closed its doors at 2:20 P. M. on the same day. There was deposited during the day while the bank was open, $12,857.39 in cash. The bank had on hand in cash when it closed, $20,000.00: Held, that in an action against

the receiver of the bank, in the absence of evidence establishing that the bank had paid out or converted the $80.00, it will be presumed that the bank, in transacting its business on the day the deposit was made, used its own money and did not appropriate the appellee's money which had been received by fraud; it being a fraud for a bank to receive money when it is in a failing condition; and the appellee was entitled to have his claim for such cash deposit paid in preference to the general creditors. At the time the appellee deposited the $80.00 in cash , he also deposited checks on the different banks of Guthrie with the Capitol National Bank, amounting in all to $135.42, and all of these checks were used by it in settling its account with the clearing house; and, even after transferring and delivering all of these, together with other checks, to the clearing house, there was still a balance due to the clearing house which was settled in another way: Held, that as the Capital National Bank, before it closed its doors, used the checks to pay a debt owed by it, and neither the checks or any cash or property received in exchange for them came into the hands of the receiver, the appellee should be denied a preference as to them, but that his rights as to such checks should be on an equality with the general creditors.

(Syllabus by the Court.)

*Error from the District Court of Logan County; before*
*J. L. Pancoast, Trial Judge.*

*Flynn & Ames,* for plaintiffs in error.

*Cotteral & Horner,* for defendant in error.

Opinion of the court by

BURWELL, J.: The Capitol National Bank of Guthrie, on April 4th, 1904, was in a failing condition, which was known to the officers of the bank. The appellee, Weinberger, at 11:50 A. M. on that date, made a deposit with the bank as follows:

| | |
|---|---|
| Currency, | $70.00 |
| Silver, | 10.00 |
| Sundry checks on the Capitol National Bank | 46.80 |
| Sundry checks drawn on other banks in Guthrie, | 135.42 |

The bank closed its doors at 2:30 P. M., or two and a half hours after the deposit was made. The cash on hand in the bank when it closed was in excess of the cash deposited during the day. The checks on the other banks in Guthrie deposited by appellee were used with the clearing house to take up the checks which it held against the Capitol National Bank, but after using all of the checks which the Capitol National Bank held on the other banks there was still a balance due to the clearing house, which was settled in another way. Weinberger, after the receiver for the bank was appointed, commenced this suit for a preference for the cash and checks on other banks deposited with the defunct bank, it being conceded by him that he is not entitled to preference for the checks on the Capitol National Bank. Therefore, those checks, amounting to $46.80, are eliminated from our consideration.

The trial court rendered judgment for Weinberger, allowing him a preference for both cash and for checks on other banks, from which the receiver appealed; but, in so far as it related to the preference for the cash deposited, the judgment must be sustained.

The evidence establishes that the total cash deposited during the entire day while the bank was open for business was $12,857.39. It began business in the morning with $54,126.92 in cash in its vaults. When the bank closed it had on hand in cash, $20,000. The cash deposited during the day was mingled with the other on hand; but, under the better rule, this is immaterial. The cash deposited swelled the assets of the bank and, while in theory of law it was the duty of Weinberger to trace his own money, he complied with this rule by showing that his money was mingled with the

other cash on hand of the bank by the bank's officers and employes, and that the entire cash deposits for the day was less than the cash on hand when the bank closed its doors. Having shown this state of facts, it will be presumed that the bank used its own cash during the last day it transacted business, and retained that which, under the law, it had no right to use. Of course, if the evidence had shown that the money deposited by Weinberger did not swell the assets of the bank, but was in fact paid out by it in discharge of its obligations, the rule might, in certain circumstances, be different. No such question, as to the cash, is involved, and if such were the facts, under the record as presented, the burden was upon the receiver to show it.

But, while the appellee was entitled to a preference for the cash deposited, such preference should have been denied as to the checks. As to them, Weinberger must stand upon an equality with the others who deposited in checks and drafts during the day something over $59,000. The Weinberger checks were used to pay an existing debt, but they did not swell the assets of the bank. The use of them simply transferred that amount of the bank's indebtedness from the clearing house to the appellee. The identity of the checks was lost, and the bank, at the time its doors were closed, had on hand no money or property which represented them or which was received in exchange for them. We perceive no rule of law or equity which entitles the appellee to be paid on this part of his deposit ahead of any other person or bank who deposited checks the last day the bank did business. We concede the rule to be that, where a bank accepts checks for deposit when it is in a failing condition, and afterwards fails, the checks may be followed by the depositor and recovered,

unless they have passed into the hands of innocent parties; or if they have been changed for other property, it may be impressed with the equities of the depositor. But, as stated before, the Capitol National Bank did not receive other property in lieu of the checks deposited. It used them in paying its debts, and the appellee will not be permitted to take property, or the proceeds from it, no part of which was received in exchange for the checks.

The evidence in this case wholly fails to disclose any relation between the checks deposited and any of the money or property which went into the hands of the receiver, and as to them he will be limited to an unpreferred claim. (*Laterman v. Travous et al.* 51 N. E. Rep. 805; *City Bank of Hopkinsville v. Blackmore,* 75 Fed. Rep. 771; *Beard v. Independent Dist. of Pella City,* 88 Fed. Rep. 375; *Westfall v. Mullen,* 58 Minn. 5, 59 N. W. Rep 633; *Sherwood v. Milford State Bank,* 94 Mich. 48, 53 N. W. Rep. 923; *Perth Amboy Gaslight Co., v. Middlesex County Bank,* 60 N. E., 84,45 Atl. 704; *Freiberg v. Stoddard,* 161 Pa. St. 259, 28 Atl. Rep 1111 *Midland Nat'l. Bank v. Brightwell,* 148 Mo. 358, 49 S. W. Rep. 994.) Counsel have cited the case of the *St Louis and San Francisco Railroad Company* v. *Johnson,* 133 U. S. 566, as supporting appellee's contention. That case in no way conflicts with the rule enunciated herein.

For the reasons herein stated the judgment of the lower court is hereby modified as follows: That part of the judgment authorizing a preference for the cash deposited is hereby affirmed, and that part authorizing a preference for the checks deposited by appellee is hereby reversed. Costs taxed to appellant.

Pancoast, J., who presided in the court below, not sitting; Beauchamp, J. absent; all the other Justices concurring.