## Theodore E. Mester, Appellee, v. Quincy National Bank, Appellant.

1. CONTRACTS—*how liability determined.* Where an agreement or contract is signed by parties, or a person is obligated by the execution of a certain written instrument, that instrument must control, and the question of liability depends upon the construction of this instrument.

2. BANKS—*when liable as trustee.* If a bank receive money in trust to be paid out by it only when certain conditions exist if it pays out such money before such conditions exist it is liable to the person from whom it received such money.

3. EVIDENCE—*when conversation out of presence of party incompetent.* Material conversations had out of the presence of a party are incompetent as to him unless he is in some way connected therewith.

Appeal from the Circuit Court of Adams county; the Hon. ALBERT AKERS, Judge, presiding. Heard in this court at the November term, 1910. Reversed and remanded. Opinion filed October 14, 1911. Rehearing denied November 8, 1911.

GOVERT & LANCASTER, for appellant.

WILSON & WALL, for appellee.

MR. PRESIDING JUSTICE PHILBRICK delivered the opinion of the court.

This is an action brought by Theodore E. Mester against the Quincy National Bank to recover $1,000 deposited with that bank by plaintiff as part subscription for stock in the International Leather Company, a proposed corporation then being promoted. The trial below resulted in a judgment against defendant, from which it appeals.

One A. B. Donelson undertook to promote and incorporate a corporation known as the International Leather Company at Quincy, Illinois. The proposed capital stock of the corporation was $100,000. Certain articles of agreement for subscription for this stock were prepared and the Quincy National Bank was made trustee to receive deposits. The first subscriptions

were made and partial payments made to the bank under agreement that unless $100,000 was subscribed and paid within a certain time the partial payments made to the bank as trustee were to be returned to the subscribers. The requisite amount of stock was not subscribed within the required time, and the money then paid to the bank as trustee was repaid to the subscribers. The proposition was again taken up and new subscriptions started. Plaintiff herein was one of the latter subscribers. He was furnished with a written statement of the conditions upon which the subscription was made and the deposit placed in the hands of the bank as trustee. That paper is as follows:

"INTERNATIONAL LEATHER COMPANY,

Quincy, Ill., 2-26-1904.

Quincy National Bank, Trustee, for Stock Subscriptions, $2000.00.

The undersigned hereby agree with the Quincy National Bank, Trustee, and with the signers of other agreements of which this is a counterpart, to pay to said Quincy National Bank, Trustee, $2000.00 Dollars for 200 shares (Par value $10.00) Preferred Stock and 200 shares (Par value $10.00) Common stock, One-half of said purchase price to be paid to the Quincy National Bank, Trustee, on the signing of this agreement; the balance upon demand of the Treasurer of the International Leather Company when such demand is made and met, the Quincy National Bank shall deliver Certificates of stock herein subscribed for.

Quincy, Ill., Mar. 3, 1904.

Received of Theo. E. Mester the sum of One Thousand Dollars, being the first payment designated in above subscription agreement.

The Quincy National Bank, Trustee,

J. M. Winters, Cashier."

The bank paid the $1,000 deposited with it by plaintiff to Donelson. The attempt to raise the required amount of capital stock was not successful, the venture was a failure and the incorporation of the company was never completed. Plaintiff demanded of defendant a return of his money; it was refused. Appellant contends that it paid the money to Donelson upon an order given it by him for that purpose; this is denied by appellee.

Appellant insists that the judgment should be reversed on account of the improper admission of evidence on behalf of the plaintiff, and that under the terms of the contract or instrument signed by it, it cannot be held liable for the payment of the money to Donelson.

The uniform rule of evidence is that where an agreement or contract is signed by parties, or a person is obligated by the execution of a certain written instrument, that instrument must control, and the question of liability depends upon the construction of this instrument.

Upon the question of the condition upon which the subscription was paid and under which defendant held the fund as trustee, it must be construed alone from the instrument, and upon its construction this court holds that the bank received the money to be held until final payment was made; that the proposed corporation was to deliver to the defendant bank the stock subscribed for and when the stock was delivered to the bank and finally paid for by the plaintiff, then the bank was to deliver the stock to the plaintiff, and until such time all money held by it was held in trust for the benefit of the parties entitled thereto and that the entire amount of the subscription was required to be held by the bank until final payment was made and the stock delivered; that any payment prior to that time by the defendant bank was unauthorized; that while no definite person is

designated in the agreement as to whom payment should be made, the only proper construction of the contract from its general terms is that it was to be made to the corporation, and that any other payment was not justified or warranted and was unlawful and that under no construction of the contract could payment to Donelson be held valid. This is virtually conceded by appellant from the defense made that payment was made to Donelson upon an order of the plaintiff. Plaintiff, however, denies that he ever gave such order or even authorized any such payment to be made other than by the terms of this paper. The burden of proof upon the question that plaintiff authorized the payment is upon defendant.

On the question of the improper admission of evidence, the specific evidence complained of is that the court permitted plaintiff to prove by various witnesses a conversation had between Donelson, the promoter, the defendant and the several witnesses at the Tremont Hotel in the city of Quincy regarding the conditions upon which the subscription was made. Neither the defendant nor any officer of the defendant or any person representing the defendant was present at this conversation and there is no evidence that the conditions which were claimed to have been stated at this conversations were ever brought to the knowledge of defendant or that defendant ever knew any of the conditions named in this conversation. The admission of this evidence was improper, and if considered by the jury in determining its verdict, was highly prejudicial to the defendant, and this court is not in position to say and we cannot hold that defendant was not prejudiced by the testimony. The court also permitted plaintiff to testify to a conversation had between him and Donelson, that subscriptions to be taken in the second attempt to subscribe this stock were not to be upon the conditions named in the first undertaking. This con-

versation was not had in the presence of any officer of defendant nor is there any testimony that any officer knew or had any information of such conversation; it was also incompetent and improper.

On account of the admission of this incompetent evidence, the judgment must be reversed and the cause remanded.

*Reversed and remanded.*