[No. 16797. Department One. May 13, 1922.]

*In the Matter of the Liquidation of the* CENTRAL BANK & TRUST COMPANY, *Respondent,* v. EDWARD RITCHIE *et al., Appellants.*[1]

BANKS AND BANKING (26)—DEPOSITS—SPECIAL DEPOSITS—LIABILITY. A deposit in a bank is a special one, where it was made for the purpose of applying on the payment of an outstanding note when it should be presented, and it was so noted in writing at the time by the bank, and the amount withdrawn from the depositor's account and held for the holder of the note, whose whereabouts was unknown.

Appeal from a judgment of the superior court for Yakima county, Davis, J., entered April 25, 1921, denying the right to recover a deposit as a preferred claim against an insolvent bank. Reversed.

*Snively & Bounds,* for appellants.

*R. J. Venables* (*H. B. Rigg,* of counsel), for respondent.

MITCHELL, J.—John H. Reeser sold to Miss Susie Nordurfth a hotel property in Yakima, Washington, for which she paid part cash and for the balance she gave her promissory note in the sum of $2,000, due February 1, 1921. Afterwards she sold the property to one Maples, apparently receiving the full value of the property; and to protect him against the outstanding note due Reeser, she deposited certain securities in

[1]Reported in 206 Pac. 926.

escrow with the Central Bank & Trust Company of that city. On January 8, 1921, she decided to withdraw the securities held by the bank, and to accomplish that purpose she made arrangements with Ed Ritchie whereby he furnished $2,000 in money. He already had $200 on deposit in the bank and, either procuring money from or giving his check on another bank in the city, made an additional deposit of $1,800 with the Central Bank & Trust Company. At the same time and as a part of the same transaction, Miss Nordurfth and Mr. Ritchie advised with the cashier of the bank as to their purpose to substitute this money for the securities held by the bank. The whereabouts of Mr. Reeser, as well as the then ownership of the promissory note made to Reeser, being unknown to all the parties, the plan suggested by the cashier was adopted, by which Ed Ritchie drew his check on the bank, payable to the bank, in the sum of $2,000, had it indorsed as certified by the bank, and placed it with the bank to be held until the Reeser note should be presented at which time the bank would pay the note. It is plain that all three parties so understood the transaction and, accordingly, the cashier of the bank at that time wrote upon the margin of the certified check, "To apply on note of Susie Nordurfth to John H. Reeser, due 2-1-21."

On January 27, 1921, the bank became insolvent and passed into the hands of the supervisor of banking of the state, who has since been administering its affairs. A claim in the sum of $2,000 was presented to the supervisor of banking for his allowance of it as a preferred claim, which was refused by that officer. The cash assets of the bank were never below $2,000 since the deposit was made, and when the supervisor of banking took charge of the bank twenty days later, it at that time, though insolvent, had on hand, and at all

times since has had, approximately $14,000 in cash. Proceedings in the superior court to establish the claim of $2,000 as a preferred one resulted adversely, from which an appeal has been prosecuted.

Whatever form the transaction took, it appears to be plain to have been the intention of all the parties that this became a special deposit. That such was the intention is shown by both the written and oral proof. Ritchie testified that was his purpose in making the $1,800 additional deposit, and while, as contended by the respondent, there is some uncertainty in the proof whether the bank was made aware of that intention before or at the exact instant the deposit was made, it nevertheless is clearly shown that, at that same time, that is, the same visit to the bank, it was made known what the money was for, and to carry out that purpose the advice of the bank was followed. If it be admitted that in making the deposit by Ritchie there arose at once the relation of debtor and creditor between the bank and him, that relation became almost instantly changed by the consent of the parties, including that of the bank. This is not the ordinary case of a certified check drawn in favor of a third person, the legal effect of which would be a statement that the drawer had sufficient funds to meet it in the bank applicable to its payment and an agreement on behalf of the bank that those funds should be retained and paid upon the check when it was presented. On the contrary, it is a case wherein the check was drawn payable to the bank that held the funds. Immediately, according to the testimony of the cashier, Ritchie's account was charged with the $2,000. Upon the authority of the owner, as the cashier testified, the $2,000 was withdrawn from Ritchie's account and then accepted to be held for the purpose of taking up the note of Miss

Nordurfth to Reeser. By the transaction it was intended to cancel the relation of debtor and creditor between the bank and Ritchie, both debtor and creditor so understood it, and thereafter the bank held the money for and on behalf of Miss Nordurfth, not Ritchie, for a specific purpose, and not generally. The memorandum to that effect was written by the cashier upon the check at that time. The cashier testified that no one could check against the $2,000 and that it was held for the specific purpose of meeting the note. The relation of the bank then became that of a trustee. It was an agent for the application of funds intrusted to it for a specific purpose. The case, we think, falls within the rule of *Carlson v. Kies,* 75 Wash. 171, 134 Pac. 808, 47 L. R. A. (N. S.) 317, and the authorities therein referred to; and as was stated in the *Carlson* case, "The doctrine of the modern authorities, and what we consider the sounder view, is that the trust fund is recoverable where an equal amount in cash remained continuously in the bank until its suspension and passed to the receiver."

Reversed and remanded with directions to the superior court to enter judgment establishing the claim as a preferred one in the sum of $2,000.

PARKER, C. J., FULLERTON, TOLMAN, and BRIDGES, JJ., concur.