[No. 18062. Department Two. December 18, 1923.]

PACIFIC BUILDING & LOAN ASSOCIATION, *Respondent,* v. CENTRAL BANK & TRUST COMPANY *et al.,* *Appellants.*[1]

BANKS AND BANKING (7, 26)—GENERAL OR SPECIAL DEPOSITS—INTENT OF PARTIES—EVIDENCE. Where a bank was employed to collect assessments for a building and loan association, which it did by issuing pass-books to the members, crediting them with the amounts paid, and each month remitting the amount collected, less a one per cent collection fee, the deposits are not general but are special deposits, which belong to the building and loan association, there having been no mutual assent between them to create the relation of debtor and creditor.

SAME (7, 26) — INSOLVENCY — SPECIAL DEPOSITS — COMMINGLED FUNDS—LIABILITY. The fact that a bank, acting as a collector for a building and loan association, commingled the amounts collected with other funds, does not change the special deposit into a general deposit, the rule being in this state that special deposits augmenting the gross assets may be followed into the hands of the bank supervisor.

[1]Reported in 221 Pac. 313.

Appeal from a judgment of the superior court for Yakima county, Carey, J., entered February 15, 1923, upon findings in favor of the plaintiff, in an action to establish a preferred claim against an insolvent bank, tried to the court. Affirmed.

*R. J. Venables (H. B. Rigg,* of counsel), for appellants.

*Richards, Gilbert & Fontaine,* for respondent.

PEMBERTON, J.—The respondent is a corporation doing a building and loan business, with its principal office at Tacoma. Its loans and stock subscriptions are paid monthly. For the purpose of collecting the amounts due, it appointed the Central Bank & Trust Company at Yakima its agent. A list of the names of the persons indebted to respondent was furnished to the bank each month. On the 24th of each month, the bank would fill in the amount collected and return to respondent the statement, together with the amount due, less one per cent for collection. The persons paying the money to the bank carried passbooks, issued to them by respondent, in which credits were made by the bank for the amount so paid. On January 24, 1921, the bank received from respondent the list of those indebted, and thereafter forwarded to respondent its cashier's check for the amount it had collected in the sum of $2,110.46, less its commission of $21.10. This cashier's check was not paid because of the failure of the bank. At the time of its failure, there was not less than $14,000 in cash held by the bank. Respondent filed a special deposit claim with the supervisor of banking. The claim was allowed as a general claim. This action was instituted for the purpose of having the same adjudged a special deposit. The trial court

entered findings and judgment in favor of the respondent, from which this appeal is taken.

Appellant contends that, "in so far as the bank was concerned, and in so far as the entry made and the books kept, the account of the association was in all respects identical to that of a general depositor," and that, upon the bank receiving the proceeds of a collection, it becomes the debtor of the person forwarding the collection, relying on the case of *Bowman v. First National Bank,* 9 Wash. 614, 38 Pac. 211, 43 Am. St. 870, and *Hallam v. Tillinghast,* 19 Wash. 20, 52 Pac. 329.

In the case of *Washington Shoe Manufacturing Co. v. Duke,* 126 Wash. 510, 218 Pac. 232, we held that:

"Something more than the intent of one party to the deposit is necessary—the intent of both parties must be shown to concur either expressly or by implication.

"In the case now before us there are no facts or circumstances which would indicate that the depositor intended to do other than make a general deposit. It is true that, at the time the deposit was made, the bank, through its officers and employees, entertained an intention, which was not disclosed to the depositor, to treat the deposit other than as a general one. This undisclosed intention cannot be made to determine the nature of the transaction. The apparent mutual assent of the parties, essential to the formation of a contract, must be gathered from their outward expressions and acts, and not from an unexpressed intention."

It is next contended that the funds were commingled with other funds of the bank, and in order to be a special deposit it is necessary to trace the funds into the hands of the supervisor, relying on *Rugger v. Hammond,* 95 Wash. 85, 163 Pac. 408; *Heidelbach v. Campbell,* 95 Wash. 661, 164 Pac. 247; *Zimmerli v. Northern Bank & Trust Co.,* 111 Wash. 624, 191 Pac. 788, 17 A. L. R. 192. In the case of *Rugger v. Hammond, supra,* the bank repudiated its trust, and we said:

"Where the trustee openly ignored the trust, manifestly it cannot be presumed that he will act so as to preserve the trust fund for the beneficiary, but on the contrary, will be presumed to have treated and handled it as his own without reference to the rights of the beneficiary."

In this case, however, the court distinguishes the rule when it says:

"Our decision in *Carlson v. Kies,* 75 Wash. 171, 134 Pac. 808, 47 L. R. A. (N. S.) 317, was controlled by the presumption that the insolvent bank had not paid out the trust fund but had preserved it in cash, it having on hand at all times cash largely in excess of the amount of the trust fund and never having denied the existence of or repudiated the trust."

The rule that the money cannot be followed after it has passed into the hands of the supervisor and commingled with other funds is not the law of this state. *Carlson v. Kies,* 75 Wash. 171, 134 Pac. 808, 47 L. R. A. (N. S.) 317; *Heidelbach v. Campbell,* 95 Wash. 661, 164 Pac. 247; *In re Central Bank & Trust Co. v. Ritchie,* 120 Wash. 160, 206 Pac. 926; *Raynor v. Scandinavian American Bank,* 122 Wash. 150, 210 Pac. 499. "It is only necessary to show, therefore, that the gross assets of the bank, not its net assets, have been augmented by the deposit which it is sought to recover." *Raynor v. Scandinavian American Bank, supra.*

There is nothing in the testimony that would support the theory that there was a mutual understanding that the deposit in question was a general deposit. The bank was charging one per cent for handling this fund for respondent. Respondent could not check upon this account. The court properly found that the fund was a special deposit.

The judgment of the trial court will be affirmed.

MAIN, C. J., MITCHELL, FULLERTON, and BRIDGES, JJ., concur.