C. W. Tinsley, *Appellant,* vs. Ernest Amos and The Flagler Bank, *Appellees.*
135 So. 397.
Division A.
Opinion filed June 9, 1931.

*Burdine, Terry & Fleming* and *Edw. E. Fleming,* for Appellant;

*Wilder & Jacobsen* and *John L. Neeley,* for Appellees.

BUFORD, C.J.—The material and controlling facts in this case are that C. W. Tinsley transmitted his check for $2,000.00 to Commercial National Bank of Fond du Lac, Wisconsin, to meet his note for $2,000.00 which was about to mature at said Bank. The check was drawn on Flagler Bank & Trust Company of Miami, Florida. Commercial National Bank mailed the check direct to Flagler Bank & Trust Company for payment. Tinsley did not have sufficient money on deposit to pay the check. Commercial National Bank was notified that payment was refused because of insufficient funds. Tinsley was notified. Flagler Bank & Trust Company held the $2,000.00 check. Tinsley went out and borrowed the $2,000.00, took it to the Bank and delivered it to the Vice-President and Cashier of the Bank with directions that it be transmitted to Commercial National Bank of Fond du Lac, Wisconsin, in payment and discharge of Tinsley's check for $2,000.00. The Vice-President and Cashier of the Bank accepted the $2,000.00 for that specific purpose but instead of transmitting the amount in cash, he attempted to transmit it by Cashier's check of his Bank. Before the Cashier's check reached Commercial National Bank in Fond du Lac, Wisconsin, Flagler Bank & Trust Company suspended business, closed its doors and subsequently went into the hands of a Liquidator.

Tinsley filed his intervention in the circuit court when the Comptroller filed his application for the confirmation of

a Receiver in Re Flagler Bank & Trust Company. The petition prayed:

"The Court to entertain this his Intervention and to make the Receiver, Johnson H. Pace, a party defendant thereto, and to ascertain and determine the rights of all parties in the matter, especially the right of your petitioner to a preference in that such claim be allowed him, to be paid in full, and that the Court shall make such directions as to notice to such parties as may seem necessary as to the adjudication in this matter."

The Petition on motion was first dismissed but afterwards was reinstated and, thereupon, answer was filed by the Receiver. On final hearing the petition for intervention was dismissed. From this decree appeal was taken.

In Amos vs. Baird, 96 Fla. 181, 117 Sou. 789, this Court reiterated what had been said in the case of City of Miami vs. Shutts, 59 Fla. 462, 51 Sou. 929, and in Collins vs. State, 33 Fla. 429, 15 Sou. 214, saying:—

"Deposits by the customers or clients of a commercial bank therewith are of two classes, viz: special or specific, and general. When the identical money or other thing deposited is to be restored or is given to the bank for some specified and particular purposes, as to pay a certain note or other indebtedness, or is received by the bank as a collecting agent, such collection to be remitted, such deposits are special or specific, and the property in the deposit remains in the depositor, the bank in such cases becomes the bailee, trustee or agent for the depositor."

The record shows clearly that it was the intention of both Tinsley and the Vice-President and Cashier of Flagler Bank & Trust Company, acting for that company, at the time the $2,000.00 was delivered by Tinsley to the Bank through its Vice-President and Cashier, that the $2,000.00 was so delivered to the Bank and received by the Bank for the sole and specific purpose of being transmitted by the Bank for Tinsley to Commercial National Bank of Fond du Lac, Wisconsin, to pay a definite obligation.

What the Bank may have done with the money or what entry may have been made by its officers upon its books does not change, and can not change, the status of the parties.

In the case of Myers as Receiver vs. Federal Reserve Bank of Atlanta, in an opinion filed at the last term of the Court and prepared by Mr. Justice Davis, the writer showed how a preferred claim resulted in that case and cited with approval and opinion written by Mr. Chief Justice Strum in the case of Bryan vs. Coconut Grove Bank & Trust Company, Receiver, which opinion was filed February 24, 1931, and reported 132 Sou. 481, in which case the Court said:

"Where the depositor, at the time the deposit is made, enters into an agreement with the Bank, or the Bank receives and accepts the deposit with instructions from the depositor that the money so deposited is for a specific purpose, and for that alone, such deposit partakes of the nature of a special deposit being sometimes called 'a specific deposit', and the relation between the depositor and bank with reference to such deposit is that of principal and agent. Title to the deposit remains in the depositor. Under such circumstances, therefore, the relation of debtor and creditor does not exist. Northern Sugar Corporation vs. Thompson (C. C. A.) 13 F. (2d) 829; Morton vs. Woolery, 48 N. D. 1132, 189 N. W. 232, 24 A. L. R. 1107; Sawyers v. Conner, 114 Miss. 363, 75 So. 131, L. R. A. 1918A, 61 Ann. Cas. 1918B, 388, American Bank v. Presnell, 58 Kan. 69, 48 P. 556.

If the purpose for which a special deposit was accepted by a bank cannot be accomplished, the bank is liable to the depositor for the return of the funds. American Bank v. Loretta Co., 165 Ill. 103, 46 N. E. 202, 56 Am. St. Rep. 233; Mester v. Quincy Bank, 163 Ill. App. 645; Morse on Banks & Banking (6th Ed.) #208.

The general test applied to determine whether or not a claimant is entitled to preferential payment from the assets of an insolvent bank in the hands of a receiver is that it must appear that the funds in question were in the bank's possession as agent, bailee, or trustee; that such funds reached the receiver's hands in some form;

and that the assets brought under the receiver's control were larger by that amount than they would otherwise have been. In determining the status existing between the appellant and the bank itself, the controlling element is the mutual intention and purpose of the parties with respect to the fund.''

We, therefore, conclude that the order and decree appealed from were erroneous and should be reversed with directions that the Chancellor enter a decree not inconsistent with this opinion. It is so ordered.

Reversed and remanded.

ELLIS AND BROWN, J.J., concur.

WHITFIELD, P.J., AND TERRELL, J., concur in the opinion and judgment.