WEST VIRGINIA-FLORIDA LAND COMPANY, a Florida Corporation, *Appellant*, vs. W. H. TUNNICLIFFE, as Liquidator of The State Bank of Orlando and Trust Company, *Appellee*.

136 So. 698.

Division B.

Opinion filed September 19, 1931.

*T. C. Cork*, for Appellant;

*H. M. Voorhis*, for Appellee.

BUFORD, C.J.—The appeal in this case is from an order sustaining a demurrer to an amended bill of complaint wherein the complainant, appellant here, sought to require the defendant, appellee here, to pay over to complainant $4,000.00 as a preferred claim against The State Bank of Orlando & Trust Company, an insolvent banking corporation in the hands of a liquidator. It is alleged that the $4,000.00 was deposited by the complainant in the bank with an escrow agreement showing the conditions under which the money was received by the bank. The escrow agreement is as follows:

"September 25th 1928.

To The State Bank of Orlando & Trust Company, Orlando, Florida.

Dear Sirs:

There is of record in Lien Book O, page 495, of the Orange County Records, an United States Tax Lien for $3,274.92 and interest against the West Virginia-Florida Land Company on property now subject to the lien of two mortgages given to the said Land Company by the Minnehaha Groves Company, which the Orsino Farm Land Company (the holders of the legal title to the mortgaged property) are now paying off and it is

agreed between the West Virginia-Florida Land Company and the Orsino Farm Land Company that the West Virginia-Florida Land Company shall pay into the State Bank the sum of $4,000.00 (Four Thousand Dollars) to be held in escrow for six months, or until such shorter time as the West Virginia-Florida Land Company shall have the tax lien aforesaid satisfied of record.

. If it be not satisfied of record at the expiration of six months from this date, the bank shall then immediately pay the amount due the government on the said lien and cause the lien to be satisfied and any balance left over out of the said $4,000.00 (less any expenses incurred) it shall pay over to the West Virginia-Florida Land Company, whether the lien be paid by the bank or by the West Virginia-Florida Land Company.

> ORSINO FARM LAND CO.
> By D. C. Eastwood
> WEST VIRGINIA FLORIDA LAND CO.
> By S. H. Bowman, Mgr.''

Receipt by the Bank is as follows:

''Sept. 25, 1928.

RECEIVED from West Virginia Florida Land Co. _____Dollars Escrow agreement dated 9/25/28 together with $4000.00 certificate of deposit.

> STATE BANK OF ORLANDO & TRUST CO.
> L. P. Brandyl
> Asst. Cashier.''

The escrow agreement and the receipt are each made a part of the bill of complaint. The bill of complaint alleges that the sum of $4,000.00 was delivered to the Bank to be held in escrow pursuant to said escrow agreement and that the Bank accepted such sum of money and undertook to hold the same as escrow agent under the terms of the escrow agreement. It is alleged that the Bank placed the funds so delivered to the Bank by the complainant in a special account and issued and held in its possession its certificate of deposit for said special ac-

count.  The bill alleges other pertinent facts necessary to show that it is entitled to the return of the money placed in escrow.

It is contended by the appellees that because the Bank executed a certificate of deposit and held the same along with the escrow agreement instead of holding the cash which the escrow agreement required it to hold, that the complainant became a general creditor of the Bank and that the escrow deposit was converted from a special deposit to a general deposit by the action of the Bank.

In Tinsley vs. Amos, et al., 102 Fla. 1, 135 Sou. 397, it was said: ''What the Bank may have done with the money or what entry may have been made by its officers upon its books does not change and cannot change the status of the parties.''

It is clearly shown by the allegations of the bill of complaint that $4,000.00 in money was deposited in the Bank for a special purpose and that it was understood between the Bank and all parties interested in the fund that the money should be held by the Bank to carry out the terms of the escrow agreement which accompanied it.

The order appealed from should be reversed on authority of the opinions in the case of Tinsley vs. Amos, et al., supra, and authorities there cited, and the case of Newsome as Liquidator vs. Acacia Mutual Life Association, filed July 28, 1931.  It is so ordered.

Reversed.

ELLIS AND BROWN, J.J., concur.

WHITFIELD, P.J., AND TERRELL AND DAVIS, J.J., concur in the opinion and judgment.

DAVIS, J. (Concurring) : The claim being preferred there was equity in the bill which was improperly dismissed after demurrer sustained.  That is all that is before the Court at this time, so I concur in reversal.  In so far as the bill undertakes to have the preference allowed as

against all the assets of the bank, it is too broad, but not subject to dismissal on general demurrer.

Brown, J., concurs.