W. H. Tunnicliffe, as Liquidator of the Orlando Bank & Trust Company, an insolvent Florida banking corpora- tion (Defendant below), *Appellant*, v. Barnabas F. Sears, (Complainant below), *Appellee*.

148 So. 197.

En Banc.

Opinion filed December 30, 1932.

*Crawford & Gaskin,* for Appellant;

*G. P. Garrett,* for Appellee.

Terrell, J.—The bill of complaint in this cause was filed by appellee, as complainant and prays that a preferred claim be decreed in his favor and that certain funds held by the defendant, appellee here, be impressed with a trust for the payment of said claim. A motion to dis- miss the bill was overruled, answer was filed, testimony was taken and on final hearing the prayer for relief was granted. This appeal is from that decree.

The pertinent facts out of which the sole question pre-

sented to us arose may be summarized as follows: The law firm of Dickinson and Dickinson of Orlando, Florida, handled a real estate transaction for the appellee as counsel for a Mrs. Doolin of Jacksonville, Illinois, in which $2,480 was collected for Mrs. Doolin. Mr. C. P. Dickinson carried this amount to the Orlando Bank and Trust Company, with whom he deposited it July 2, 1930, advising the teller and the president of the bank that he collected the money for the appellee, that he (Dickinson) had a small fee and other charges to be deducted from said deposit and that he was transmitting the balance of $2,123.75 to appellee by certified check. Dickinson forthwith drew his check for that amount and had it certified by the cashier of the bank in the presence of and to the knowledge of its president for the purpose of transmission and immediately forwarded it to appellee. The bank closed a few minutes after the deposit was made and the check was presented for payment in due course but was refused. The appellee filed his proof of claim with the appellant as Liquidator who refused to recognize it as other than a common claim.

Under this state of facts was the decree of the Chancellor adjudicating the claim to be preferred and subject to payment in full from the cash assets held by the bank at the time it closed correct?

Appellant contends that the money was placed in the bank to the account of Dickinson and Dickinson, that the bank did not contract for nor did it undertake to transmit the fund to appellee and that under such circumstances a debtor-creditor relation was created which was not changed by the mere certification of a check drawn by Dickinson against the fund.

When funds are held by an insolvent bank as agent, bailee, or trustee, and the assets of the bank are larger by that amount they constitute a preferential claim in

the hands of the liquidator in favor of the owner and may be paid in full from the cash assets of the bank at the time it closed. Bryan vs. Cocoanut Grove Bank and Trust Company, 101 Fla. 947, 132 So. 481; Tinsley vs. Amos, 102 Fla. 1, 135 So. 397. The relation between the bank and the claimant of the fund is controlled by the intention of the bank and the depositor at the time of the deposit.

A check is certified when the cashier or teller writes across its face, over his signature, a statement that it is good when properly indorsed for the amount stated in the body of the check. It is drawn against funds of the drawer and is recognized by the officers of the bank as an appropriation of the amount specified to the payee named.

If the check in question had been drawn in the usual course and the certification implied nothing more than the face of the check indicated, then appellant's contention would be convincing but when one deposits money in a bank and advises its officers that it is the property of another and that he is using the certified check merely as one of the bank's facilities for transmitting the money to the owner, we think the bank took the money for the purpose of its transmission and from the moment it was accepted it was so held and set apart for the purpose of paying the check when presented.

In other words, when a bank takes a deposit with instructions from the depositor that the deposit is for a specific purpose and no other, it partakes of the nature of a specific or special deposit and the relations between the bank and the depositor with reference thereto is that of principal and agent and title to the deposit remains in the depositor. Tinsley vs. Amos, 102 Fla. 1, 135 So. 397; Cochrane vs. Florida East Coast Ry., opinion filed December 19, 1932, 107 Fla. 431, 145 So. 217; *In re:* Citizens

State Bank, 44 Idaho 33, 255 Pac. 300; Hall vs. Sullivan, 123 Okla. 233, 253 Pac. 45; Central Bank & Trust Co. vs. Ritchie, 120 Wash. 160, 206 Pac. 926.

The judgment below is therefore affirmed.

Affirmed.

WHITFIELD, BROWN AND DAVIS, J.J., concur.

BUFORD, C.J., AND ELLIS, J., concur specially.

ELLIS, J. (Concurring).—This case is decided by the majority of the members of the Court upon a question not presented by the pleadings. The facts recited in the opinion appeared in the evidence but did not constitute the case made by the bill of complaint.

The principle is too well settled and too generally accepted by the bar to be ignored that the complainant shall obtain the relief sought, if at all, upon the case made by his bill and not on the case made by the evidence however meritorious it may be. The allegata and probata must correspond, since however full and convincing may be the proof as to any essential fact, unless the fact is averred proof alone is insufficient and all the evidence offered in a case should correspond with the allegations and be confined to the issues. See Lyle v. Winn, 45 Fla. 419, 34 South. Rep. 158; Horne v. J. C. Turner Cypress Lumber Co., 55 Fla. 690, 45 South. Rep. 1016; Mitchell v. Mason, 65 Fla. 208, 61 South. Rep. 579; Goulding Fertilizer Co. v. Johnson, 65 Fla. 195, 61 South. Rep. 441; Pinney v. Pinney, 46 Fla. 559, text 571, 35 South. Rep. 95.

The case decided by the Court is an entirely different one from that made by the bill. The character of the preferential claim as decided by the Court is one where a bank takes a deposit of money or other valuable chattel for a specific purpose, the deposit does not lose its character, the relation between the depositor and the bank is not that of creditor and debtor, title to the deposit

remains in the debtor and is not acquired by the bank which becomes the mere agent of the depositor for a specific purpose. That class of deposits was fully discussed by Mr. Chief Justice BUFORD in Tinsley v. Amos, 102 Fla. 1, 135 South. Rep. 397, and again by Mr. Justice DAVIS, in Myers v. Federal Reserve Bank of Atlanta, 101 Fla. 407, 134 South. Rep. 600. See also Myers v. Matusek, 98 Fla. 1126, 125 South. Rep. 360.

The case made by the bill was of a wholly different character, a trust was asserted ex maleficio. Both the original and amended bills rested upon the principle that when a bank takes a deposit when the bank is insolvent and such fact is known to the officers of the bank a trust ex maleficio is cast upon the bank of the money so received. That kind of case is illustrated by numerous authorities. See 7 C. J. 730.

In a recent case, the opinion in which was written by the author of the majority opinion in this case, the principle was recognized and discussed. See Garrett v. Tunnicliffe, filed Dec. 15, 1932, 107 Fla. 393, 145 So. 213. See also Wasson v. Hawkins, 59 Fed. Rep. 233; Hyland v. Roe, 111 Wis. 361, 87 N. W. Rep. 252; Pennington v. Columbus Third Nat. Bank, 114 Va. 674, 77 S. E. Rep. 455; St. Louis and San Francisco R. Co. v. Johnson, 133 U. S. 566, 33 L. Ed. 683, 10 Sup. Ct. Rep. 390; Am. Trust & Sav. Bank v. Gueder & P. Manuf'g Co., 150 Ill. 336, 37 N. E. Rep. 227; Orme v. Baker, 74 Ohio St. 337, 78 N. E. Rep. 439; Willoughby v. Weinberger, 15 Okla. 226, 79 Pac. Rep. 777; Fla. Bank & Trust Co. v. Yaffey, 102 Fla. 723, 136 South. Rep. 399.

In the latter case the theory of the bill was that the bank was insolvent at the time it accepted the money of the complainants and was known to be insolvent by its officers especially its president, who was in active charge and management of the bank. The complainants urged

the proposition that accepting the money under such circumstances amounted to a fraud upon them and they were entitled to rescind and impress a trust upon and demand back the money which they paid over.

The Chancellor allowed the preferred claim. The decree was affirmed by a divided court. Three Justices agreed that the allegations of the bill made out a case sufficient to have warranted the Chancellor in making the decree. Three Justices thought the petition was insufficient to warrant the relief prayed for under the principle of law announced, which principles of law were agreed to by all the justices.

The complainant in this case was Sears. It was alleged that the money, $2,480.00, was deposited by him in the Bank through Mr. Dickinson, his attorney. It is alleged in the bill that at the time of the deposit the Bank was hopelessly insolvent and the fact was known to the officers and directors of the Bank, that Sears was an innocent depositor, did not know of the Bank's insolvency and relied upon the implied representations of the Bank's officials that the Bank was solvent; that if he had known that the Bank was insolvent he would not have made the deposit, which was in cash.

No allegation of the bill justifies the assertion that the Bank undertook as Sears' agent to transmit the money to him. The deposit was made in the name of Dickinson & Dickinson. One of that firm stated to the cashier when application was made to have the firm's check for $2,135.75 payable to Sears to be certified that he, Dickinson, was transmitting the money to Sears.

The bill was clearly framed on the principle announced in the Yaffey case, *supra*.

The claim as presented to the Liquidator was only for the amount of the check which was $2,123.75 but the assertion that it was a preferential claim was based upon the

doctrine announced in the Yaffey case, *supra*. While the brief of complainant's counsel is upon the other theory of the case, that is that money was received by the bank to be transmitted to Sears by the Bank, no allegation of the bill supports such a theory.

I think however that the decree should be affirmed as the circumstances under which the deposit of money was received unquestionably imposed a trust upon the bank upon the principle that the receipt of deposits in such circumstances of known insolvency creates of the Bank a trustee for the benefit of the depositor.

BUFORD, C.J., concurs.