HENRY HART and DORA B. TROY v. D. L. SAVARY, as Liquidator, Citizens Bank of Inverness, *et al.*

152 So. 705.
Opinion Filed February 21, 1934.
Petition for Rehearing Denied March 5, 1934.

42

*J. T. Chancey, Alton T. Peacock* and *Thomas Quinby,* for Appellants;

*Scofield & Scofield,* for Appellees.

BUFORD, J.—An administrator deposited a sum of money belonging to the estate for which he acted in a State bank. While the money was so deposited the bank failed and was taken in charge by the Comptroller and its affairs placed in the hands of a liquidator. The appellants, claiming to be entitled to receive the fund, brought this suit to compel an accounting from the administrator and the liquidator.

Appellants contend that the administrator is liable to them for the full amount of the fund received by him and that he must make good to them the loss occasioned by the failure of the bank. They next contend that the bank could only receive the funds as a special deposit and that they are entitled to have the amount of that deposit paid in full as a preferred claim by the bank.

At the time this transaction occurred there was no law of the State of Florida prohibiting an administrator from depositing funds coming into his hands as administrator in an apparently solvent State bank doing a banking business under the laws of the State of Florida.

It may be stated as a general rule that executors and administrators must exercise that degree of care and prudence with reference to funds coming into their hands as

such executors and administrators which ordinarily prudent and careful business men would exercise in regard to their own funds, and in the absence of any statute prohibiting such course, they may deposit such funds in the banks which appear to be solvent and in good standing; and when the deposit is so made the executor or administrator will not be held liable for any loss which may occur through failure of the bank. See Barney v. Sanders, 16 Howard 535, 14 Law Ed. 1047; *In re.* Lewis Estate (Pa.), 22 Atl. 831, 14 L. R. A. 103; Norwood v. Harness, 98 Ind. 134, 49 Am. Rep. 739, 11 R. C. L. 140, 24 C. J. 50; People v. Faulkner, 107 New York 477, 14 N. E. 415; Gray v. Elliott, 53 A. L. R. 544.

It is well settled in this jurisdiction that an ordinary bank deposit is presumed to be a general deposit and depositor has the burden of proof to show to the contrary. Bryan v. Coconut Grove Bank & Trust Co., 101 Fla. 947, 132 Sou. 481. It is also well settled that the general test to be applied to be determined whether or not a claimant is entitled to preferential payment from the assets of an insolvent bank in the hands of a receiver or liquidator is that it must appear that the funds in question were in the bank's possession as agent, bailee or trustee, and that such funds reached the receiver's or liquidator's hands in some form and that the assets brought under the receiver's or liquidator's control were larger by that amount than they would otherwise have been. The controlling element is the mutual intention and purpose of the parties with respect to the funds. Tinsley v. Amos, 102 Fla. 1, 135 Sou. 397. See also Martin, as Governor, v. Meyerheim, *et al.,* 101 Fla. 82, 133 Sou. 636.

The record shows that the money involved here constituted a general deposit.

There was no error in the order granting the motion to dismiss the bill of complaint. The same should be affirmed, and it is so ordered.

Affirmed.

DAVIS, C. J., and WHITFIELD and TERRELL, J. J., concur.