WALTER C. HARDESTY, JR., v. M. A. SMITH, as Liquidator Merchants Bank & Trust Co.

159 So. 522.

Division B.

Opinion Filed February 23, 1935.

J. A. Scarlett and Scarlett & Futch, for Appellant;

E. W. & R. C. Davis and D. V. Rouse, for Appellee.

BUFORD, J.—The appellant filed suit in the Circuit Court of Volusia County for the purpose of having his claim against Merchants Bank & Trust Company adjudicated to be a preferred claim in the sum of $209.16.

The record shows that on the 10th day of July, 1929, the appellant deposited $100.00 in currency and a check for $209.16, the check being drawn on Title Guaranty & Trust Company of New York City; that the check was payable to the complainant in the court below, appellant here, and was endorsed by the complainant in blank to the Merchants Bank & Trust Company; that the check was good and payable and was forwarded by air mail by Merchants Bank & Trust Company on July 10th to Irving Trust Company of New York City; that the check was paid through the New York Clearing House during business hours on July 12th, 1929. On the morning of July 11th, 1929, Merchants Bank & Trust Company failed and ceased to do business. It was a closed banking institution at the time the check was cleared and paid in New York and did not reopen.

The record further shows that on July 10th, 1929, Merchants Bank & Trust Company was hopelessly and irretrievably insolvent and its failure was imminent and such conditions were fully known, or should have been known, to its officers.

The appeal is from a final decree finding the equities with the defendant and dismissing the bill of complaint.

The complainant in the court below only claimed preference as to the proceeds of the check of $209.16. The record shows, as stated above, that those proceeds became available to the bank after it became a closing banking institution.

Section 4748 R. G. S., 6834 C. G. L., provides as follows:

"When a check, draft, note or other negotiable instrument is deposited in a bank for credit, or for collection, it shall be considered due diligence on the part of the bank in the collection of any check, draft, note or other negotiable instrument, so deposited, to forward en route the same

without delay in the usual commercial way in use according to the regular course of business of banks, and the maker, endorser, guarantor or surety of any check, draft, note or other negotiable instrument so deposited, shall be liable to the bank until actual final payment is received, and when a bank receives for collection any check, draft, note or other negotiable instrument and forwards the same for collection, as herein provided, it shall only be liable after actual final payment is received by it, except in case of want of due diligence on its part as aforesaid."

Now, it is clear to us that under the provisions of this section, the bank did not become liable to Hardesty for the amount of the check until the check was paid. Up until the time the check was paid Hardesty was liable to the bank and as the check was not paid until after the bank closed its doors and ceased to function as a bank, it could not then receive the proceeds of the check in the status of a debtor of Hardesty because it could no longer as a banking institution incur liability. It therefore, follows that when the institution received the proceeds of that check it necessarily received such proceeds in trust for Hardesty. The $100.00 deposited in currency to the checking account immediately became an item, the title to which passed to the bank and for which the bank became indebted to Hardesty. But, as there was no special agreement to the contrary, the statutory provision governed the liability as to the check with the result above stated.

When a check is deposited with a bank for credit or collection the transaction is not closed until the proceeds of the check have been paid. If the check is not paid it may be charged back to the depositor and if it is paid, then the bank becomes the debtor of the depositor to the extent of

the amount of the proceeds of the check. Andrews v. First National Bank of Tampa, 115 Fla. 67, 155 So. 143.

There is nothing said in Martin v. Meyerheim, *et al.,* 101 Fla. 82, 133 Sou. 636; nor in Tinsley v. Amos, 102 Fla. 1, 135 Sou. 397; which conflicts with the view above expressed.

Other questions are presented but we find no necessity to discuss them as it is our conclusion that the decree must be reversed, for the reasons above stated, with directions that a decree be entered granting the relief prayed.

It is so ordered.

Reversed and remanded with directions.

ELLIS, P. J., and TERRELL, J., concur.

WHITFIELD, C. J., and BROWN, J., concur in the opinion and judgment.

DAVIS, J., concurs specially.

DAVIS, J. (specially concurring).—I agree with the opinion insofar as it holds that when a check is deposited for "collection" the transaction is not closed until the proceeds of the check have been paid. But the statute itself distinguishes deposits "for credit" from deposits for collection. Where there is a deposit "for credit" the credit is complete when the deposit is accepted, subject to the right of the bank to charge back the item credited if it is not collected in due course to cover the credit.

There being a showing in this case of a "deposit for collection" and not a "deposit for credit" I concur in the opinion and result to the extent above indicated.