PER CURIAM.
The final judgment under review is affirmed on the basis that appellant’s right of set-off was negatived by: (a) the non-mutuality of claims, Everglade Cypress Co. v. Tunnicliffe, 107 Fla. 675, 148 So. 192 (1933); (b) the characterization of the account as an account for a special purpose, Tunnicliffe v. Sears, 107 Fla. 669, 148 So. 197 (1932); Coyle v. Pan American Bank of Miami, 377 So.2d 213 (Fla. 3d DCA 1979); Bank of West Orange v. Associates Discount Corp., 197 So.2d 858 (Fla. 4th DCA), cert. denied, 201 So.2d 556 (Fla.1967); and (c) the knowl-. edge of appellant that the disputed funds were deposited by appellee rather than appellant’s debtor, 4715 Realty Corp. v. Central Bank and Trust Co., 301 So.2d 792 (Fla. 3d DCA 1974); Central Bank and Trust Co. v. Shipman, 127 So.2d 706 (Fla. 3d DCA 1961).
Affirmed.