## HEMPHILL v. FLORIDA NAT. BANK OF JACKSONVILLE et al.

Circuit Court of Appeals, Fifth Circuit.
February 26, 1929.

No. 5327.

J. Turner Butler, of Jacksonville, Fla., for appellant.

J. S. Diver and F. P. Fleming, both of Jacksonville, Fla., for appellees.

Before WALKER and BRYAN, Circuit Judges, and GRUBB, District Judge.

WALKER, Circuit Judge. The appellant, the receiver of the Baldwin drainage district (herein called the district), a public corporation organized under the laws of Florida, by his bill complained of the action of the appellee, the Florida National Bank of Jacksonville (herein called the bank), in applying the sum of $8,300 on deposit with it to the credit of the district on a demand in its favor for the principal sum of $13,750, and prayed that such transfer be canceled, and that the sum so applied be decreed to be funds held by the bank in trust to pay delinquent coupons of the district. The evidence showed the following:

After it had been designated as the depository of the funds of the district, the bank, in June, 1923, agreed to lend to the district the sum of $13,750, to be used with other funds on hand to make up the amount required to pay the interest maturing July 1, 1923, on bonds issued by the district, the money so lent to be repaid from incoming taxes which had been levied by the district, but had not been collected. For the purpose of carrying out the agreement for the loan, the district issued its warrant on its treasurer for $13,750, payable to the United States Trust Company of Jacksonville, for which amount the United States Trust Company issued its certificate of deposit, payable to the order of the district, and the district indorsed that certificate of deposit and delivered it to the bank. Afterwards, on request of the bank and without further consideration, the United States Trust Company transferred to the bank the above-mentioned warrant, an indorsement on which by the treasurer of the district showed that there were no funds in his hands to pay the same. The amount so loaned by the bank was used by the district in paying the interest due July 1, 1923, on bonds issued by the district. In April, 1924, the bank applied $8,300 held by it on deposit to the credit of the district on the $13,750 debt of the district to the bank. The whole of the amount then on deposit with the bank to the credit of the district was derived from taxes levied for the payment of obligations of the district. The bill was dismissed by the decree appealed from.

With reference to drainage districts, acting by their governing bodies, boards of

supervisors, a statute provides: "In the event any installment of taxes has been levied for the payment of any obligation of any district or in the event of the levy of a maintenance tax, the board of supervisors are hereby authorized to issue notes bearing a rate of interest not exceeding eight per cent. per annum, which notes shall be payable out of said installment of taxes or maintenance tax so levied, and shall not be in excess of seventy-five per cent. of said levy or liens; the proceeds derived from said notes shall be used only for the purpose of meeting such maturing obligations of said district or for any other purpose for which said installment and maintenance taxes have been levied." Compiled General Laws of Florida 1927, § 1460.

We are of opinion that the part of the just set out provision which deals with the manner of exercising the power conferred is merely directory, and that the bank did not fail to acquire the rights of a lender intended to be conferred on it as a result of the loan being evidenced by instruments other than a note. Southern Life Ins. & Trust Co. v. Lanier, 5 Fla. 110, 58 Am. Dec. 448. The statute plainly discloses a purpose to empower a drainage district, acting by its governing body, to borrow money to be used only for the purpose of meeting maturing obligations of the district, and to make the principal and interest of the amount borrowed payable out of taxes which had been levied when the loan was made. The law authorized the application on the debt to the bank of the amount on deposit with it to the credit of the district, all of that amount having been derived from taxes subject to be so applied. The holders of bonds of the district did not have a claim on or right to that fund which was prior or superior to the rights of the bank as against its depositor. The claim asserted by the bill well may be regarded as lacking in equity, in that an effect of sustaining it would be to enable the bondholders, at the expense of the bank, to have applied on their demands an amount in excess of that realized from the taxes levied for the payment of the obligations of the district.

We conclude that that claim was properly disallowed because the holders of bonds of the district did not have such right or title to the sum on deposit with the bank to the credit of the district as had the effect of depriving the bank of the right to apply the amount of that deposit on the debt owing to it by its depositor, the district.

The decree is affirmed.