197 So.2d 858 (1967)
BANK OF WEST ORANGE, Forest Lester Arnold, Jr., and Richard S. Patrick, Appellants,
v.
ASSOCIATES DISCOUNT CORPORATION, Appellee.
No. 355.
District Court of Appeal of Florida. Fourth District.
April 18, 1967.
Rehearing Denied May 12, 1967.
*859 Evelyn M. Gobbie, Sarasota, and J. Ben Griffin, of Griffin & Hamlin, Winter Garden, for appellant Bank of West Orange.
William L. Eagan, of Arnold, Matheny & Eagan, Orlando, for appellants Arnold and Patrick.
Monroe E. McDonald, of Sanders, McEwan, Schwartz & Mims, Orlando, for appellee.
ANDREWS, Judge.
The Bank of West Orange, one of the defendants, appeals a money judgment for plaintiff, Associates Discount Corporation. Defendants and cross-claimants, Forest Lester Arnold, Jr., and Richard S. Patrick, join in the appeal from that part of the judgment denying them relief against the bank.
During 1963 Arnold and Patrick, a partnership, was a customer of the Bank of West Orange. Their business was incorporated as Arnold & Patrick, Inc. on July 19, 1963. Soon thereafter the bank provided the corporation with checks in the name of Arnold & Patrick, Inc. The bank did not change the customer record ledger or give a new number to the account but did recognize the signature of either Arnold or Patrick to withdraw funds from said account on checks of Arnold & Patrick, Inc. On at least one occasion the bank recognized the signature of Joyce Bouchie for withdrawal of funds from said account.
Arnold and Patrick during this period were individually and jointly indebted to the bank on three separate notes. One note in the original amount of $8820.00 was secured by chattel mortgage on an auto car tractor upon which there was a balance due of approximately $8,000.00. The second note in the original amount of $8100.00 was secured by chattel mortgage on a Diamond diesel tractor truck on which there was due a balance of approximately $8,000.00. The third obligation was an unsecured note in the amount of $2850.00.
*860 Arnold and Patrick also owned a Ford tractor truck which was financed on a note and chattel mortgage by the plaintiff, Associates Discount Corporation. On or about January 30, 1964, this truck was destroyed and a trailer attached thereto owned by C.R. Stephenson was damaged in an accident in which a third party tort-feasor was liable. The truck was repossessed by Associates Discount, sold for salvage and The Home Insurance Indemnity Company, liability carrier of the party liable for the damages thereon, settled with Arnold and Patrick and Stephenson for $9,425.00.
In February 1964 Arnold and Patrick negotiated a sale of their trucking business to Donald L. Bouchie. Arnold, Patrick and Bouchie applied to the bank for refinancing of the obligations of Arnold and Patrick due the bank and were later advised such refinancing had been approved. A note evidencing the total indebtedness due by Arnold and Patrick was executed by Bouchie by which he assumed and agreed to pay the obligation and said note was endorsed by Arnold and Patrick and delivered to the bank. The date of the execution of this note is somewhat indefinite, but apparently it was on or about February 18th with the first payment scheduled to be due under the new note on March 18th.
On March 2nd Bouchie deposited in the Arnold and Patrick, Inc. account $632.00, being the approximate amount necessary to make the first payment on the consolidated note. The only requirement of the bank that had not been complied with to complete the transaction was the delivery as additional security of a title certificate to a car newly purchased by Patrick. Arnold had complied with the requirements that his personal car would be pledged as additional security. The explanation for this delay was that the title was in the process of being transferred on a newly purchased car.
On February 28th the bank apparently became concerned about its position with the parties and wrote a letter suggesting possible default in the account for failure to comply with undisclosed terms of the refinancing agreement.
On March 2nd Arnold, Patrick and Stephenson delivered to the bank for collection a draft made payable to them dated February 28th drawn by The Home Insurance Indemnity Company payable at the First National City Bank of New York in the amount of $9425.00, with notation thereon that it was for payment of a claim arising out of an accident which occurred on January 30, 1964. The draft was delivered to the cashier, one of the two full time officers of the bank. He advised that the draft would have to be sent to New York for collection and that the funds would not be available to the payees until the payment had been received by the bank. The cashier was advised by Arnold that the money was owed by the payees to pay off the loan on the wrecked truck, repairs on the damaged trailer and as a down payment on a new truck. The bank forwarded the draft for collection upon a form which specifically noted that it was for collection and for credit to depositor only upon receipt of payment. The draft was stamped paid at the First National City Bank on Monday, March 9th.
On March 2nd, the same day the draft was delivered to the bank, Arnold and Patrick delivered three checks, one to Associates Discount for $6,048.40, the amount due it; the second to Consolidated Body Works, Inc. in the amount of $1,155.02 for repairing the trailer; and the third to Lakeland Ford Co. in the amount of $1,531.74, the latter being the down payment on a new truck to take the place of the destroyed truck for delivery to Bouchie. The check to Associates Discount was presented through banking channels on two occasions, March 6th and on either March 13th or 14th, and both times returned marked "Not sufficient funds." The checks to Consolidated Body Works and Lakeland Ford were presented through banking channels for payment on March 6th and were returned marked "Not sufficient funds."
*861 While the draft was in the process of collection, on March 7th, the bank by letter notified Arnold and Patrick that their old notes were in default for failure to comply with the terms of the financing agreement and demanded immediate payment of the balance due thereon.
On Friday, March 13th, and on a date prior thereto not definitely fixed, representatives of Associates contacted the bank and advised the president of the bank of its interest in the proceeds of the draft and were advised that the remittance on the draft had not been received. On Saturday, March 14th, a regular banking day, the account of Arnold and Patrick was credited with the amount of $9,425.00 and debited in the next item on the customer ledger for the same amount. A notice mailed to Arnold and Patrick advised that said sums had been credited $3,150.00 to seven payments of $450.00 each on the Diamond truck note, and $3,430.00 to seven payments of $490.00 each on the auto car truck, and the balance $2,845.00, less $5.00 rebate on discount, on the $2,850.00 unsecured note. The two secured notes were later sold to Janet Loan Company, the trucks repossessed and judgments obtained against Arnold and Patrick.
An analysis of the customer ledger sheet of the bank for the account of Arnold and Patrick for March 1964 shows a balance in the account on February 29 of $65.66, a deposit on March 2 of $632.00, two debit memos on March 9 of $1.00 and $2.00, a deposit and debit charge of $9425.00 on March 14, a debit memo of $1.00 on March 16, a debit of $81.76 on March 17, two debits, one for $45.00 and one for $30.00, on March 24, and a debit by check of $530.00 on March 28. All items are identified in the record except the three charged items on March 17th and 24th. The three debit memos are identified as presentation fees on the return items checks to Associates, Consolidated Body Works, and Lakeland Ford. The other items are identified as deposits by Bouchie, the proceeds of the draft, the charge for debits due the bank and the withdrawal of the balance of the funds deposited by Bouchie.
The bank did not present any evidence at the trial except the deposit slip for $9425.00 and the ledger sheet of Arnold and Patrick. The deposition of the president of the bank was taken as an adverse witness and was introduced in evidence by Arnold and Patrick.
On the basis of these facts the court entered judgment for Associates and against the bank for $6,048.00, plus interest from March 14, 1964, on the grounds that Associates had established its right to an equitable lien on the proceeds of the draft to the extent of its claim. The court denied the claims of Arnold and Patrick for the reasons that they had not complied with all the material conditions of the refinancing agreement, and the defendant-bank had the right to set off the balance of the proceeds of the draft.
A careful consideration of all the facts and circumstances convincingly establishes the deposit of the draft by Arnold, Patrick and Stephenson as a special deposit or a deposit for a specific purpose and not a general deposit against which the bank could offset obligations due it by Arnold and Patrick.
The simple deposit of money, check or draft in a commercial bank on account of the depositor, without being complicated by any other transaction than that of depositing and withdrawing money, is a general deposit. However, when a draft is deposited with a bank for collection to be remitted, such deposit is special and right to the deposit remains in the depositor. The bank under such circumstance, becomes bailee, trustee or agent for the depositor. Collins v. State, 1894, 33 Fla. 429, 439 and 440, 15 So. 214, 217 and 218.
A deposit in a bank is a general or special deposit depending upon the *862 contract which results from the mutual understanding and intention of the parties. No particular form of such a contract is prescribed. Tunnicliffe v. Sears, 1932, 107 Fla. 669, 148 So. 197. The purpose and terms of a special deposit may be fixed by express agreement, or the intention of the parties may be inferred from their declarations at the time the deposit was made when considered in connection with their conduct and all the other circumstances surrounding the transaction. It also follows that, when a bank receives money to be applied to a particular purpose and it fails to properly apply it, such bank becomes a trustee and is answerable to the owner of the money as for a breach of trust. Bryan v. Coconut Grove Bank & Trust Co., 1931, 101 Fla. 947, 132 So. 481, 134 So. 229; Northern Sugar Corp. v. Thompson, 8 C.A. 1926, 13 F.2d 829, at p. 832; Central Bank and Trust Co. v. Shipman, Fla.App. 1961, 127 So.2d 706. Under such circumstances title to the deposit remains in the depositor, and the relation of debtor and creditor does not exist. See cases collected in 86 A.L.R. 375.
The various factors in the case before the court here establish that the bank declined to accept the draft for immediate credit, and an officer of the bank was told that the proceeds of the draft were for specific purposes; that is, to pay the lien on the wrecked truck, to the repair of damages to the trailer, and for the making of a down payment on a replacement truck. The officers of the bank under the circumstances of this case must be charged with knowledge of the fact that the checks to the three separate payees had been presented for payment and were for the specific purposes set forth at the time the draft was placed for collection.
If the purpose for which a special deposit was accepted by a bank cannot be accomplished, the bank is liable to the depositor for the return of the funds. Bryan v. Coconut Grove Bank & Trust Co., supra.
In view of our holding that the deposit was a special deposit against which the bank had no authority to charge debts due it to the extent that the deposit was special, it is not necessary that we determine whether or not the finding of a valid equitable lien for Associates under the circumstances here was proper.
The bank urges that its actions were proper under authority of F.S.A. § 659.38 which provides that a bank shall not recognize adverse claim to a deposit unless in compliance with a court order or it is protected from loss by a surety bond. The statute is inapplicable under the facts of this case. The owner of the proceeds of the draft, Arnold, Patrick and Stephenson, had instructed the bank as to disposition thereof upon receipt of the funds. The adverse claim, if any, was that of the bank for a debt due it by Arnold and Patrick.
There is not sufficient evidence to establish the change of the bank account from a partnership account to a corporate account, or to establish damages in excess of the amount hereinafter found to be due Arnold and Patrick. The notes signed by Arnold and Patrick provide that their deposits may be charged for payment of the indebtedness due on said notes. Under the circumstances, the bank could properly charge the Arnold and Patrick account for sums due it out of the proceeds of the draft in excess of the sum we find to be a special deposit.
We have carefully considered the other issues raised on appeal and find they are without merit.
Accordingly, the decree of the trial court awarding a judgment to Associates Discount in the amount of $6,048.40 is affirmed.
The part of the final decree denying the claim of Forest Lester Arnold, Jr., and Richard S. Patrick is reversed with directions that judgment be entered for them and against the bank in an amount equal to the amount of the checks that should *863 have been paid to Consolidated Body Works and Lakeland Ford, which is the sum of $2,686.76, plus interest from March 14, 1964, together with costs to be fixed by the trial court.
Affirmed, in part; reversed, in part.
WALDEN, C.J., and KANNER (Ret.), Associate Judge, concur.