LILES, Chief Judge.
Appellant, garnishor in the trial court, appeals a final judgment discharging its writ of garnishment without recovery.
Appellee construction company, garnishee below, entered into a contract with the City *699 of Lakeland for the construction of a new municipal library. In conformance with the provisions of Florida Statutes, Section 255.-05(1) (1965), F.S.A., the garnishee executed the usual penal bond with the additional obligations that it would promptly pay all persons supplying it labor, material, and supplies used directly or indirectly by it or its subcontractors in the construction of the library.
The garnishee entered into a subcontract with Appellee Wheeler, defendant in the trial court, whereby Wheeler was to furnish all plant, labor, material, and equipment necessary to complete the roofing and sheet metal work. This subcontract provided for monthly payments to Wheeler equal to 90% of the value of the work completed by him.
On December 10, 1965, the garnishor obtained a judgment in the amount of $1142.65 against Wheeler on a cause of action unrelated to the subcontract between Wheeler and the garnishee. Wheeler performed his obligations under the subcontract during the month of December, 1965, and there accrued to him for the work accomplished during that month the sum of $2587.50. The writ of garnishment was served on January 12, 1966, at which date Wheeler had not been paid the 90% of the value of the work completed during December, i. e., $2328.80. Subsequently, Wheeler defaulted on the subcontract, and the garnishee was obliged to complete the work thereunder at a cost of $193.09. Wheeler had unpaid bills from suppliers and mate-rialmen amounting to $4266.98. Also, the United States served a Notice of Levy upon the garnishee in the amount of $1175.-50, representing a sum allegedly owed by Wheeler to the Internal Revenue Service.
At the time of trial the garnishee had in its possession $4282.02. By its answer it alleged as setoff and recoupment the Notice of Levy by the United States in the amount of $1175.50, the total claimed unpaid debts of Wheeler to his suppliers and material-men in the amount of $4266.98, and the sum of $193.09 expended by the garnishee to complete the subcontract. Only two of Wheeler’s suppliers and materialmen had brought suit against the garnishee within the one-year time limitation set out in Section 255.05(2): Lakeland Sheet Metal Works for its claim of $792.01, and Harris Roofing & Material Supplies, Inc., for its claim of $2471.49.
Upon due consideration of the merits we conclude that the decision of the court below was eminently correct, and we adopt the following portion of its Final Judgment:
“Counsel agree that the Garnishor can have no different legal position than that of the judgment debtor. (Howe v. Hyer [36 Fla. 12] 17 So. 925 (Fla.)). This case also establishes the rule that, while the Garnishee may not, after service of the writ, by his own action, acquire set-offs or counterclaims against the principal debtor, to the prejudice of the attaching creditor, he may properly avail himself of all claims fairly arising out of contracts with the principal debtor which were in existence when the attachment was commenced and under or out of which his claim against the principal debtor arises.
“While the sum claimed to be due was only a periodic instalment under the contract, Garnishee clearly had the right to set-off against the claim of the debtor sums due to his materialmen and the cost of completing the contract abandoned by the debtor at the time of completion or abandonment. To hold otherwise, would of necessity require trie Contractor to make double payment. See West Florida Grocery Company v. Teutonic Fire Insurance Company [74 Fla. 220], 77 So. 209 [L.R.A.1918B, 968] (Fla.).
“Counsel for the Garnishor urge that some of the materialmen did not comply with requirements of notice or suit and are therefore barred from enforcing their claims against the Garnishee’s performance and payment bond. The answer to this is the fact that such failure does not extinguish the indebtedness of the Gar *700 nishee to the materialmen but only bars the enforcement of the claim in that manner. The debt to the materialmen is admitted correct in amount and that the same arose out of the contract between Garnishee and the principal debtor. The nonpayment of such an admitted indebtedness could only result in deserved damage to the reputation and credit rating of the Garnishee, so necessary to its continued business career. The Court cannot accept this argument. * * * ”
For the foregoing reasons we affirm the decision of the trial court.
Affirmed.
PIERCE and HOBSON, TJ., concur.