354 So.2d 959 (1978)
Dorothy GRILLO, Appellant,
v.
CITY NATIONAL BANK OF MIAMI, a United States Banking Corporation, Appellee.
No. 77-754.
District Court of Appeal of Florida, Third District.
February 7, 1978.
Jeffrey M. Mart, Miami, for appellant.
*960 Lapidus & Hollander, Miami, for appellee.
Before HENDRY, NATHAN and HUBBART, JJ.
PER CURIAM.
This is an appeal from a final judgment entered upon a directed verdict at the close of plaintiff/appellant's case.
In 1971 appellant settled a lawsuit arising out of a serious automobile accident for $750,000.00. The accident rendered appellant a quadriplegic, paralyzed from the neck down, and unable to sign her name. At the advice of her attorneys, appellant deposited $300,000.00 in an account at the City National Bank of Miami. The passbook bore the legend that withdrawal could only be made in the presence of her trial counsel, either Mr. Richard Masington or Mr. R.W. Payne, Jr. The apparent reason for this arrangement was to protect the funds from appellant's husband, whom appellant feared would forge her name and withdraw the settlement money for use in varied speculative real estate transactions. Notwithstanding appellant's physical condition, her mental capacities were not dulled by the accident and her competency not an issue.
From 1971 through 1976, appellant withdrew all of the funds from the City National Bank of Miami, most of said withdrawals taking place without the presence of Messrs. Payne or Masington. All of the withdrawals were at appellant's request and were received by her, though the bulk of said funds quickly found its way into appellant's husband's real estate ventures.
In 1976, having depleted her account, appellant filed suit against Payne, Masington and the City National Bank of Miami. The action against the above attorneys was voluntarily dismissed and the case proceeded to trial against the bank on a breach of contract action, summarized in appellant's complaint as follows:
"... Plaintiff was allowed free and unconditional access to all funds on deposit in direct contravention of the known purpose of the condition precedent to withdrawals, and was thereby enabled to invest said funds in improvident and extremely speculative ventures which resulted in the total loss of said funds ..."
At the close of appellant's case, the trial judge directed a verdict for the bank and this appeal ensued.
The controlling issue that must be resolved in this appeal may be worded as follows:
Whether a cause of action for breach of contract may be maintained by a depositor against her bank for violating the terms of a deposit agreement, when said violation was committed at the request of the depositor.
We hold that a cause of action can not be so maintained and therefore, affirm the final judgment.
First, it must be noted that a deposit in a savings account is either a general or special deposit, depending upon the contract which results from the mutual understanding and intention of the parties. Bank of West Orange v. Associates Discount Corporation, 197 So.2d 858 (Fla. 4th DCA 1967). A general deposit is a deposit to the depositor's credit and is to be drawn on by the depositor in the usual course of banking business. McCrory Stores Corporation v. Tunnicliffe, 104 Fla. 683, 140 So. 806 (Fla. 1932). The general deposit constitutes a chose in action or right to the money deposited, creating the relationship of debtor-creditor between the bank and depositor. In re Thourez' Estate, 166 So.2d 476 (Fla. 2d DCA 1964).
A special deposit, on the other hand, is a deposit for safekeeping to be returned intact upon demand, or for some specific purpose not contemplating a credit on general account. McCrory Stores Corporation, supra; 4 Fla.Jur. Banks and Trust Companies, § 51 (1955). The relationship created by a special deposit between a depositor and his or her bank is that of principal and agent, with title to the deposit remaining in the depositor. Tunnicliffe v. Sears, 107 Fla. 669, 148 So. 197 (1932).
*961 Sub judice, it is our opinion that appellant's deposit of her settlement funds in appellee bank was general, rather than special, notwithstanding the withdrawal instructions written on the passbook. Unlike a special deposit, the funds were not to be segregated from the general assets of the bank, nor did the agreement contemplate a specific purpose other than a credit on general account. See 4 Fla.Jur. Banks and Trust Companies, § 47 (1955). Appellant, therefore, as a creditor of the bank, had an absolute right to terminate the contractual agreement and withdraw her general deposit, and the bank, as debtor, had the duty to acquiesce in those demands. Edgerly v. Schuyler, 113 So.2d 737 (Fla. 3d DCA 1959), affirmed at 121 So.2d 417. As appellant did, in fact, receive her funds from appellee, no liability can be placed upon the bank.
Even assuming arguendo, that the contractual relationship created by the parties resulted in a special deposit arrangement, appellee bank would nonetheless be relieved of responsibility upon payment of the deposit to appellant. The law is well settled that when the purpose for which a special deposit was accepted by a bank cannot be accomplished, the bank is liable to the depositor for return of the funds. Tinsley v. Amos, 102 Fla. 1, 135 So. 397 (1931); Bank of West Orange v. Associates Discount Corporation, 197 So.2d 858 (Fla. 4th DCA 1967).
Accordingly, the final judgment entered pursuant to a directed verdict must be affirmed. Any other points raised in the briefs and not directly or impliedly discussed herein are deemed to be without merit and/or not controlling to the disposition of this case.
Affirmed.