ANSTEAD, Judge,
specially concurring:
This is a garnishment case involving a contest between the appellee-debtor’s judgment creditor and the appellant-contractor with whom the debtor had sub-contracted to do plastering work. Although the appellant-contractor had funds on hand due to the debtor when served with the writ of garnishment, it later claimed that it might be liable to other persons who had supplied the debtor. In rejecting this claim by appellant it is implicit in the trial court’s holding that no superior claims to the funds held by appellant were presented and proven, either by the appellant or the alleged suppliers of the debtor. Here, relying upon Eger Block & Redi-Mix Co. v. Wheeler, 207 So.2d 698 (Fla.2d DCA 1968), the appellant claims it had no burden to prove that it was legally obligated to pay the suppliers since the failure to pay them would result in damage to the appellant’s “reputation and credit rating” and hinder appellant in securing suppliers for future projects. First, I think appellant is incorrect in interpreting Eger Block as allowing a garnishee to withhold funds to pay suppliers to whom the garnishee has no legal liability. Secondly, I think the appellant is wrong in claiming that it had no burden to prove such legal liabilities and that the judgment creditor should have had the burden to prove such claims were not valid. The garnishment statutes adequately provide for resolution of such disputes, including allowing third parties to make claims to the funds garnished. No third parties acted here, and I think the trial court was correct in its conclusion that the judgment creditor had demonstrated a superior legal claim to the funds held by the appellant.