377 So.2d 213 (1979)
Dennis P. COYLE, As Nominee of the Trustees of First Mortgage Investors, a Massachusetts Business Trust, Appellant,
v.
PAN AMERICAN BANK OF MIAMI, Appellee.
No. 78-1850.
District Court of Appeal of Florida, Third District.
November 13, 1979.
Rehearing Denied December 13, 1979.
*214 Rollnick, Squitero & Katz and Marc L. Faust, Miami, for appellant.
Smathers & Thompson and Shepherd D. Johnston, Miami, for appellee.
Before HENDRY, HUBBART and SCHWARTZ, JJ.
HUBBART, Judge.
This is an appeal from a final judgment in a garnishment proceeding which dissolved a writ of garnishment previously served upon a bank by a judgment creditor. The basis for dissolving the writ of garnishment was the trial court's determination that the bank was entitled to a prior set-off on the bank account sought to be garnished, which set-off exhausted the funds in the *215 subject account leaving nothing left over to be garnished. The judgment creditor was dissatisfied with this result and has taken an appeal from the final judgment herein.
The central issue presented for review is whether a bank in a garnishment proceeding is entitled to a prior set-off against a depositor's account, which is sought to be garnished, when the set-off is based on a matured debt owed by the depositor to the bank. We hold that the bank is entitled to such a set-off provided the depositor's account is either a general account or a special account set up specifically for meeting the depositor's indebtedness to the bank. As all the necessary preconditions for a set-off to the bank were met in this case, we affirm the final judgment appealed from.

I
The facts of this case are as follows. On March 20, 1974, the garnishee bank [Pan American Bank of Miami] loaned $80,000 to the Shores Corporation of Miami evidenced by a note in that amount signed by an officer of the Shores Corporation. The note in question was renewed in December 1974, March 1975, and August 1975. On November 30, 1975, the note matured and went into default for non-payment by the Shores Corporation. The principal amount due and owing on the note at the time of the garnishment proceeding below was $63,232.90.
In October 1974, an account was set up at the Pan American Bank of Miami in the name of "First Mortgage Advisory Company as escrow agent for the Shores Corporation of Miami." The bank account statement and signature cards for this account indicate that this was a general checking account with no specific instructions given to the bank to hold the funds apart for any purpose. The account was later funded in the amount of $55,000. The trial court found, based on sufficient competent evidence at the garnishment hearing below, that the Shores Corporation of Miami was the sole owner of this bank account as the First Mortgage Advisory Corporation disclaimed any interest in the account.
On August 24, 1977, the garnishor judgment creditor [Dennis P. Coyle, as nominee of the trustees of First Mortgage Investors, a Massachusetts business trust] secured a final judgment of mortgage foreclosure against the Shores Corporation of Miami in the Circuit Court for the Eleventh Judicial Circuit of Florida. Following a subsequent foreclosure sale, the trial court on January 19, 1978, entered a deficiency judgment in the amount of $3,163,779.04 plus interest in favor of the garnishor judgment creditor Coyle.
On March 20, 1978, the garnishor judgment creditor Coyle by motion secured the issuance of a writ of garnishment against the garnishee Pan American Bank of Miami seeking to satisfy the deficiency judgment above by attaching any account at said bank owned by the Shores Corporation of Miami or by one of its principal officers, Enrique Tomassini. The garnishee Pan American Bank filed an answer and two supplemental answers stating inter alia that it held the account entitled "First Mortgage Advisory Company, as Escrow Agent for the Shores Corporation of Miami" for which it claimed a right of set-off on the defaulted Shores Corporation note discussed above. Other claims were also filed against the account in question, but were later abandoned. A full evidentiary hearing on the garnishment proceeding was heard in the trial court after which a final judgment was entered dissolving the writ of garnishment and granting the garnishee Pan American Bank of Miami a right of set-off to satisfy the Shores Corporation note. As this set-off exhausted the account in question at the Pan American Bank of Miami, there were no funds left over to garnish, and, accordingly, the writ of garnishment was dissolved. This appeal follows.

II
The law is well-settled that a garnishee bank in a garnishment proceeding is entitled to a set-off against a depositor's general account, which is sought to be garnished, when the set-off is based on a matured debt owed by the depositor to the *216 bank. Ribaudo v. Citizens National Bank of Orlando, 261 F.2d 929 (5th Cir.1958); Barsco, Inc. v. H.W.W., Inc., 346 So.2d 134 (Fla. 1st DCA 1977); Michie, Banks and Banking § 115a (1973); 5 Fla.Jur.2d "Banks and Lending Institutions" § 197 (1978). A different result obtains and no such set-off is allowed as to a special account set up by the depositor which makes the bank a bailee or trustee of the money for a specific purpose, Everglade Cypress Co. v. Tunnicliffe, 107 Fla. 675, 148 So. 192 (1933); Bank of West Orange v. Associate Discount Corp., 197 So.2d 858 (Fla. 4th DCA 1967); 5 Fla.Jur.2d "Banks and Lending Institutions" § 197 (1978), unless the special account was specifically set up to satisfy the depositor's indebtedness to the bank in which case such a set-off would lie. Hemphill v. Florida National Bank, 30 F.2d 892 (5th Cir.1929); Hudson United Bank v. House of Supreme, Inc., 149 N.J. Super. 153, 373 A.2d 438 (1977); 5 Fla.Jur.2d "Banks and Lending Institutions" § 197 (1978).
The law is equally well-settled that a deposit in a bank made in the ordinary course of business is presumed to be a general account. The burden of proof is upon the depositor to overcome this presumption and to establish by proof that the deposit was made upon such terms or under such conditions as to constitute a special account or an account for a specific purpose. The character of the deposit as a general or special account is determined by the express or implied contract between the bank and the depositor at the time that the deposit is made when considered in connection with the conduct of the parties and all the other attendant circumstances. Bryan v. Coconut Grove Bank and Trust Co., 101 Fla. 947, 132 So. 481 (1931); Grillo v. City National Bank, 354 So.2d 959 (Fla. 3d DCA 1978).
A general deposit in a bank is a deposit to the depositor's credit and is to be drawn on by the depositor in the usual course of banking business. The general deposit constitutes a chose in action or right to the money deposited, creating the relationship of debtor-creditor between the bank and the depositor. A special deposit, on the other hand, is a deposit for safekeeping to be returned intact upon demand, or for some specific purpose not contemplating a credit on general account. The relationship created by a special deposit between a depositor and his or her bank is that of principal and agent, with title to the deposit remaining in the depositor. Grillo v. City National Bank, 354 So.2d 959, 960 (Fla. 3d DCA 1978), and authorities cited.

III
Applying this settled law to the instant case, it is clear that the trial court was eminently correct in granting a right of set-off to the garnishee Pan American Bank of Miami and in dissolving the writ of garnishment herein. The Shores Corporation of Miami was indebted to the Pan American Bank of Miami on a defaulted note. Although the evidence in the record is conflicting, there is sufficient evidence to sustain the trial court's finding that Shores Corporation of Miami owned the account at the Pan American Bank of Miami funded in the amount of $55,000. This account was not set up for any specific purpose as is evidenced by the bank documents and signature card established when the account was created. At no time was the bank advised that this account was being established for a specific purpose. As such, it must be considered a general account of the Shores Corporation of Miami. The Pan American Bank of Miami was, accordingly, entitled to a set-off against this general account on the amount due and owing on the note signed by the Shores Corporation of Miami, which set-off constitutes a priority over the claim of garnishor judgment creditor Coyle.
We perceive the result reached in this case to rest upon sound ground. A garnishor serving a writ of garnishment upon a garnishee merely steps into the shoes of the defendant debtor. Such a garnishor may assert against the garnishee only such rights as the defendant-debtor could assert against the garnishee. Barsco, *217 Inc. v. H.W.W., Inc., 346 So.2d 134, 136 (Fla. 1st DCA 1977). If the defendant-debtor Shores Corporation of Miami had sued the garnishee Pan American Bank of Miami for the $55,000 in the account in question, said garnishee could have successfully counterclaimed for payment on the Shores Corporation defaulted note claiming a set-off, in payment therefor, on the $55,000 in the Shores bank account. Just as the defendant-debtor Shores Corporation of Miami would not have been entitled to the $55,000 in the account in question, we think that it is axiomatic that the garnishor judgment creditor Coyle should stand in no better position.

IV
We have considered the other contentions raised by the appellant in this cause and find them to be without merit. The judgment appealed from is, accordingly, affirmed.
Affirmed.