FERGUSON, Judge.
This appeal is from an order of the trial court directing appellant-bank to pay appel-lee-depositor a sum representing an amount purportedly earmarked for a specific purpose.[1] We reverse.
On April 18,1980 Southeast First National Bank of Miami sued Sundale Associates Ltd., the Sunrise Club, Inc., and Philip Seu-tieri, Jr. to foreclose a series of mortgages. Scutieri, as president of Sunrise Club, executed the notes and personally guaranteed payment. By order dated May 15,1980 the trial court appointed a receiver to manage the affairs of Sunrise Club.
Sunrise Club maintained a regular checking account with Southeast, from which it paid operating expenses. Scutieri is authorized to sign on the account.
On June 4,1980 Scutieri filed a motion to compel the bank to pay him the sum of $8,087.68 representing a deposit of April 17, 1980 into the checking account of Sunrise Club. Scutieri claims that he had erroneously submitted to Southeast for payment a tax bill on property owned by him personally, and that upon realizing that mistake had made the cash deposit to pay the bill.
Because of overdrafts caused by Scutieri who wrote all checks in the Sunrise account, the total amount in the account on April 17, 1980 and all times thereafter was always less than the amount of the subject deposit. Seven days after April 17, 1980 the account was again overdrawn as Southeast continued to honor checks written by Scutieri to pay the operating expenses of the Sunrise Club.
Scutieri’s agent, Jacqueline Simmons, testified that she had made the $8,087.68 deposit and that she told the bank teller the cash deposit was to be earmarked for paying taxes. The bank teller receiving the deposit testified that she does not know Jacqueline Simmons and does not remember the deposit. She further testified that she had no authority to earmark or segregate funds deposited in a checking account. The internal control manager of Southeast testified that funds can be held for a specific purpose only by setting up a special account for that purpose which was not done in this case.
It is undisputed that Southeast did not use or otherwise benefit from the disputed funds. The funds were used only to pay checks issued against the Sunrise account for its operations.
The trial court determined that Scutieri was entitled to immediate possession of the funds, but reserved the right of Southeast to set-off the amount against debts of Scu-tieri due the bank. Scutieri was not required to post bond, nor was there a showing that he was unable to post bond.
Southeast contends that (1) Scutieri failed to show any legal duty or contractual obligation of the bank to provide or maintain in a special account funds for the payment of taxes on Scutieri’s personal property and (2) that Scutieri is barred by equitable estoppel in that the funds deposited by him for alleged payment of real estate taxes were used to pay the business expenses of the Sunrise Club on authority of Scutieri.
In Coyle v. Pan American Bank of Miami, 377 So.2d 213 (Fla.3d DCA 1979), this court held:
“The law is ... well-settled that a deposit in a bank made in the ordinary course *861 of business is presumed to be a general account. The burden is upon the depositor to overcome this presumption and to establish by proof that the deposit was made upon such terms or under such conditions as to constitute a special account or an account for a specific purpose. The character of the deposit as a general or special account is determined by the express or implied contract between the bank and the depositor at the time that the deposit is made when considered in connection with the conduct of the parties and all the other attendant circumstances. Bryan v. Coconut Grove Bank and Trust Co., 101 Fla. 947, 132 So. 481 (1931); Grillo v. City National Bank, 354 So.2d 959 (Fla.3d DCA 1978).
The evidence here tending to show the existence of an oral agreement between Scuti-eri and Southeast Bank to create a special deposit is woefully lacking. The testimony of Scutieri’s agent, Jacqueline Simmons, is that she told the teller that “the purpose of these funds was earmarked for taxes only.” There is no evidence that the bank agreed or was committed to accept the deposit for the purpose of paying taxes on Scutieri’s personal property. We find without merit Scutieri’s argument that a deposit of the exact sum of a tax bill creates a presumption of intent sufficient to create a duty of the bank to earmark funds deposited in a general account for a special purpose. See, e. g., Aetna Casualty and Surety Company v. Bank of Palm Beach and Trust Company, 373 So.2d 687 (Fla. 4th DCA 1979), cert. denied, 383 So.2d 1189 (Fla.1980)'(notice of third party interest in deposited funds not enough to earmark funds for unpaid bills).
Because we find there is no special deposit, we must next consider whether Scutieri should be estopped from asserting a right to immediate possession, use, and benefit of deposited funds without posting a bond and without a showing that he is unable to give bond.
Although a bank normally has a duty to repay a depositor funds deposited in a general account, Grillo v. City National Bank of Miami, supra (Fla.3d DCA 1978), we know of no law which requires a bank to pay depositor funds which the depositor has, in effect, already withdrawn. Id. The difficulties here were created by Scutieri’s commingling of business and personal funds and his overdrawing the business account where he had deposited his personal funds. The bank was entitled to rely on the fact that having deposited the funds in a general account, demanded and received such funds once,[2] Scutieri would not demand the same funds again. As between two innocent parties, the one responsible for the situation should bear the loss. Parsley Brothers Construction Company v. Humphrey, 136 So.2d 257, 259 (Fla.2d DCA 1962); Eulette v. Merrill, Lynch, Pierce, Fenner and Beane, 101 So.2d 603 (Fla.3d DCA 1958). See also, United Contractors, Inc. v. United Construction Corp., 187 So.2d 695 (Fla.2d DCA 1966). When Scutieri has intentionally overdrawn his account for use and benefit of a corporation owned and controlled by him and when the bank has reserved a right of set-off and has instituted mortgage foreclosure proceedings against him, we hold that Scutieri should be estopped from claiming a right to immediate possession, use and benefit of the deposited funds.
Reversed.

. We have jurisdiction pursuant to Fla.R. App.P. 9.130(a)(3)(C)(ii).

. There is a contention by Scutieri that Southeast was obligated by terms of the loan agreement to honor Sunrise’s overdrafts. It appears that the bank sought to accommodate the depositors, regularly cautioning against the practice and threatening not to continue paying on overdrawn checks.