SHARP, Judge.
The Florida National Bank at Orlando appeals from the lower court’s entry of a temporary injunction which enjoined and restrained it from disposing of funds in a certain savings account under the name of Semoran Associates, Ltd. We reverse because the record fails to establish any basis for the lower court’s conclusion, essential to support injunctive relief, that the appellees were likely to be irreparably injured unless the court maintained the status quo pending litigation, and that they lacked an adequate remedy at law.[1] Florida East Coast Railway Company v. City of Miami, 299 So.2d 152 (Fla. 3d DCA 1974), cert. denied, 304 So.2d 126 (Fla.1974); Tamiami Trail Tours, Inc. v. Greyhound Lines, Inc., 212 So.2d 365 (Fla. 4th DCA 1968).
The appellees filed a third party complaint against the Bank claiming that some of the funds in the disputed account were their deposits on purchase contracts for condominium units being converted from *1248 apartments by Semoran. They claimed and offered proof that some Bank officers knew the identity of the funds in the account. Therefore, they argued, the Bank has no right to seize or set off the funds in the account in partial satisfaction of liabilities owed to it by Semoran because the funds were special deposits. Bank of West Orange v. Associates Discount Corporation, 197 So.2d 858 (Fla. 4th DCA 1967). The applicability of the Bank of West Orange case can only be determined after a trial, and our action here does not reflect in any way on the substantive issues.
Bank accounts are primarily debtor-creditor, bookkeeping relationships, which can be wiped out or restored by a simple entry or direction to a computer. A bank does not have specific cash in a special pot for each of its customers. It is their debtor. Even if specific bills were segregated in a vault for a specific account (and clearly no bank operates this way), money is normally fungible and replaceable. Because there is nothing unique about funds in an account, an award of damages is generally deemed an adequate remedy. For these reasons, injunctive relief in suits against the entity with whom funds were deposited is generally denied. Cf. Goldberger v. Regency Highland Condominium Association, Inc., 383 So.2d 1173 (Fla. 4th DCA 1980); Oxford International Bank & Trust, Ltd. v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 374 So.2d 54 (Fla. 3d DCA 1979), cert. dismissed, 383 So.2d 1199 (Fla.1980). Accordingly, the injunction is quashed and this cause is remanded.
ORDER QUASHED AND CASE REMANDED.
COWART, J., concurs.
FRANK D. UPCHURCH, J., dissents with opinion.

. The dissent takes the view that section 658.-61, Florida Statutes (1981), abolished the traditional requirements necessary to make injunc-tive relief appropriate regarding bank accounts. We do not agree. The statute does not indicate whether or when injunctive relief should be granted, which is the issue here. Its main purpose is to protect banks and trust companies from having to recognize adverse claims to accounts until appropriate court action is taken.