## TAMPA TRACTOR COMPANY v WILLIAMS
### Case No. 89-23223-0
Thirteenth Judicial Circuit, Hillsborough County
December 19, 1990

### APPEARANCES OF COUNSEL

**Robert K. Eddy, Esquire,** Eddy & Gregg, P.A., for plaintiffs.
**Ronald L. Stetler, Esquire,** Treadwell & Stetler, for garnishee.

### OPINION OF THE COURT

GUY W. SPICOLA, Circuit Judge.

*ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY GARNISHMENT JUDGMENT AND GRANTING GARNISHEE'S MOTION FOR FINAL SUMMARY JUDGMENT BY DISSOLVING WRIT OF GARNISHMENT*

THIS MATTER came before the court on Plaintiff's Motion for Summary Garnishment Judgment and Garnishee's Motion for Final

Summary Judgment. The court has reviewed its files and the memoranda and affidavits of the parties, has conducted its own research, and is otherwise fully advised in the premises.

The issue before this court is whether the Garnishee, FIRST BANK OF IMMOKALEE, has waived its right to set-off amounts contained in the bank account of S & H Company against amounts owed by the Defendants to Garnishee on two promissory notes that are in default. Plaintiff contends that Garnishee waived its right to set-off by electing not to plead set-off as an affirmative defense in its Answer, as required by the Florida Rules of Civil Procedure. However, this court in its research has found that garnishment proceedings constitute purely statutory proceedings, *McLeod v Cooper,* 88 F.2d 195 (Fla. 2d Cir. 1937), to which the Florida Rules of Civil Procedure do not apply. *Tomlin v Anderson,* 413 So.2d 79 (Fla. 5th DCA 1982); Fla. R. Civ. P. 1.010. Florida Rule of Civil Procedure 1.010 provides that "the form, content, procedure and time for pleading in all special statutory proceedings shall be prescribed by the statutes governing the proceeding. . ." While the garnishment statutes do not discuss whether the garnishee must specifically plead affirmative defenses, the Supreme Court of Florida, in interpreting the garnishment statutes, has set forth the rule of law in Florida that affirmative defenses need not be specially pled when the garnishee has pled the statutory answer of general denial of indebtedness to the defendant. *Howe v Hyer,* 17 So.925 (Fla. 1885); *Fulton v Gesterding,* 36 So.2d 56 (Fla. 1904); *Norwich Union Indemnity Co. v Willis,* 168 So.2d 418 (Fla. 1936). Under an answer of general denial, the Supreme Court has stated that the court should allow any legal and proper evidence and defense that would show the true amount due from the garnishee to the defendant. *Howe,* 17 So. at 928; *Fulton,* 36 So. at 58; *Norwich,* 268 So. at 420. Thus, this court finds that the Garnishee, FIRST BANK OF IMMOKALEE, did not waive its right to set-off by pleading general denial of indebtedness to the Defendants and electing not to specially plead set-off in its Answer.

The law is also well settled that a garnishee bank in a garnishment proceeding is entitled to a set-off against a depositor's general account, which is sought to be garnished, when the set-off is based on a matured debt owed by the depositor to the bank. *Eger Black & Redi-Mix Co., Inc. v Wheeler,* 207 So.2d 698 (Fla. 2d DCA 1968), *Barsco, Inc. v H.W.W., Inc.,* 346 So.2d 124 (Fla. 1st DCA 1977), *Coyle v Pan American Bank of Miami,* 377 So.2d 213 (Fla. 3d DCA 1979). Pursuant to the terms of the two promissory notes owed by Defendants to the Garnishee, in the event of default, the Garnishee possessed a right to set-off against any amounts owed under the notes any property

**139**

of Defendants held by the Garnishee. After reviewing all of the evidence presented, this court finds that the Garnishee properly availed itself of a set-off arising out of the two promissory notes which were in existence and in default when the garnishment was commenced, which set-off constitutes a priority over the garnishment claim of the Plaintiff. *Coyle,* 377 So.2d at 216.

It is hereby ORDERED AND ADJUDGED that Plaintiff's Motion for Summary Garnishment Judgment is DENIED and Garnishee's Motion for Final Summary Judgment is GRANTED by dissolving the Writ of Garnishment entered herein on May 4, 1990.

DONE AND ORDERED in Chambers at Tampa, Hillsborough County, Florida, this 19th day of December, 1990.