PER CURIAM.
These consolidated appeals are from a final summary judgment entered in a garnishment proceeding in favor of Barnett Bank of Broward County, N.A. (“Barnett”) and an order denying Barnett’s motion for attorney’s fees.
On March 1, 1995, an Agreed Final Judgment in the amount of $33,232.05 was entered in favor of WNJU-TV, Inc. d/b/a Channel 47/Telemundo (“Telemundo”) and against AMF Media, Inc. (“AMF”). Marc Plotkin, the president of AMF opened a business checking account with Barnett on March 8, 1995. On March 16, 1995, at approximately 11:30 a.m., AMF purchased and received fifteen official checks made payable to various third parties, totaling $72,875.74, with the exception of one check that was payable to AMF for $2,900.00. AMF paid for the official checks with a check drawn on its account at Barnett. After purchasing the checks, AMF’s account had a balance of $2,631.24.
On March 16, 1995 at 1:36 p.m., Barnett was served with Telemundo’s writ of gar *1214 nishment. In response to the writ, Barnett set aside $2,631.24 in available funds remaining in AMF’s account. On March 21, 1995, AMF’s president attempted to exchange the $2,900.00 check payable to AMF for a new check payable to a different payee; Barnett held the check. Barnett answered Telemundo’s writ on March 29, 1995, disclosing that it set aside $2,631.24 from AMF’s account and an additional $2,900.00 check payable to AMF. Telemundo was dissatisfied with Barnett’s response to the writ, and argued that, pursuant to the writ, Barnett was required to hold funds totaling $33,232.05 in AMF’s account, including those used to purchase the official checks.
The parties engaged in discovery and on August 14, 1997, Barnett served Telemun-do with an amended offer of judgment for the $2,631.24 retained in response to the writ, the $2,900.00 check payable to AMF and an additional $250.00 to be paid by Barnett to settle the claims. Telemundo did not accept the offer. The parties subsequently filed their respective motions for summary judgment.
On March 27, 1998, the trial court granted Barnett’s motion for summary judgment, denied Telemundo’s motion for summary judgment, and entered judgment in favor of Barnett. The court held that the bank was entitled to set off the amount due and owing for the official checks, that the writ of garnishment did not reach the official checks because Barnett had no duty to stop payment and neither AMF nor Telemundo had the right to stop payment on the official checks. The court reserved ruling on Barnett’s entitlement to an award of attorney’s fees and costs. On July 17, 1998, the court rendered Final Judgment in favor of Barnett, and awarded Barnett costs of $901.25. Telemundo received the remaining $4,629.99 under the writ of garnishment. The court denied Barnett’s motion for attorney’s fees.
Telemundo appeals on grounds that the trial court erred in absolving Barnett of its responsibility for disbursing AMF’s funds, for sustaining Barnett’s set off defense and for failing to award pre-judgment interest on the garnished funds. Barnett appeals the trial court’s refusal to award attorney’s fees pursuant to the depositor’s agreement and the offer of judgment statute. We affirm with respect to all of the issues.
However, Telemundo’s argument that Barnett should have retained funds from AMF’s account in conjunction with service of the writ of garnishment despite the fact that AMF obtained the official checks from Barnett prior to service of the writ merits discussion. In support of this argument, Telemundo contends that the official checks did not represent an obligation of Barnett because they were not Barnett’s cashier checks or teller checks, but rather checks from a non-bank money transmitter called Integrated Payment Systems, Inc., that were not drawn on Barnett’s account. Telemundo also maintains that Barnett should have stopped payment on the official checks when the writ of garnishment was served.
The face of each official check bears Barnett’s logo and designates which branch of Barnett is issuing the check. Underneath the signature line, the check states:
Issued by Integrated Payment Systems Inc. Englewood, Colorado First Interstate Bank of Denver, N.A. Denver, CO
The back of each official check provides a contact number and states:
For information concerning this instrument CONTACT
INTEGRATED PAYMENT SYSTEMS INC.
ENGLEWOOD, COLORADO
Telemundo argues that the official checks did not obligate Barnett in any way and that Integrated Payment Systems, Inc., and the First Interstate Bank of Denver, N.A., were the only parties responsible for the official checks. However, by all outward appearances to third parties and the payees of the checks, the official checks were obligations of Barnett.
Moreover, “[a] writ of garnishment subjects to the claims of a creditor *1215 only a debt which, at the time of the garnishment, was due to the underlying debtor.” Hospital of St. Raphael v. New Haven Sav. Bank, 205 Conn. 604, 534 A.2d 1189, 1192 (1987). For each of the official checks, AMF and Barnett executed an exchange of checking account indebtedness for the indebtedness defined by the terms of the official checks, which were made payable to third parties. As the rights of the garnishor cannot exceed those of the underlying obligor at the time of garnishment, Telemundo cannot assert a claim to the official checks because they were made payable to the order of third parties rather than AMF, and do not represent an obligation owed by Barnett to AMF.
Telemundo also argues that because the official checks were still outstanding and unpaid at the time the writ was served, Barnett should have protected itself from liability by ordering payment on the checks stopped. AMF had no right to stop payment on the official checks because the checks were not made payable to AMF, and Telemundo stands in the shoes of AMF. See Howe v. Hyer, 36 Fla. 12, 17 So. 925, 928 (1895); Security Bank, N.A. v. BellSouth Adver. & Pub. Corp., 679 So.2d 795, 799 (Fla. 3d DCA 1996), approved, 698 So.2d 254 (Fla.1997); Coyle v. Pan American Bank of Miami, 377 So.2d 213, 216 (Fla. 3d DCA 1979). Neither AMF nor Telemundo could have compelled Barnett to rescind the transaction through a stop payment order. Therefore, Telemundo has no claim to the official checks because they were issued payable to third parties before service of the writ of garnishment.
Accordingly, we affirm the final summary judgment in favor of Barnett and the trial court’s denial of Barnett’s claim for attorney’s fees.
AFFIRMED.
DELL, GUNTHER, and HAZOURI, JJ., concur.